PRICE v. TOWNSHIP BOARD OF OAKFIELD TOWNSHIP.

1. STATUTES—CONSTRUCTION—RETROACTIVE EFFECT.
    Legislation is to have prospective operation only, except when the contrary intent is clearly expressed.

2. INTOXICATING LIQUORS—APPROVAL OF LIQUOR BOND—TOWNSHIP BOARDS—DISCRETION—STATUTES.
    Respondent township board was not justified, under Act No. 169, Pub. Acts 1915, in exercising a discretion to reject relator's application and bond for a liquor license, said act having gone into effect subsequent to the filing of relator's application and bond; and it was the duty of said board to act fairly and in good faith, and not captiously, in the approval of bonds, and if the applicant had brought himself within the terms or conditions imposed by the statute, his application should have been granted and his bond approved.[1]

3. SAME—TOWNSHIP BOARDS—APPROVAL OF LIQUOR BOND—MANDAMUS.
    Relator had the right to demand from the township board action on his application and bond under the law as it stood when they were filed; and the captious refusal of respondent to perform its legal duty being unwarranted, mandamus will issue to compel same.

[1]The matter of discretion in granting of liquor licenses is discussed in notes in 21 L. R. A. 580, 18 L. R. A. (N. S.) 386.

Certiorari to Kent; McDonald, J. Submitted October 27, 1915. (Calendar No. 26,981.) Decided November 10, 1915.

Mandamus by Raymond A. Price against the township board of Oakfield township to compel respondent to approve the retail liquor bond of relator. An order was entered denying the writ. Respondent brings certiorari. Reversed, and remanded with directions that the writ issue.

*Thompson & Temple,* for relator.

*Earl F. Phelps,* for respondent.

BROOKE, C. J. Relator's petition to the circuit court for a writ of mandamus shows that he conducted a saloon, in the village of Harvard in the township of Oakfield, from the 1st day of May, 1913, to the 1st day of May, 1914; that on the 16th day of April, 1914, he presented his application to the board of said township, which was approved, and that on the 23d day of April, 1914, he presented to the said board a bond in accordance with the statute, and that on the 27th day of April, 1914, the said board refused to approve said bond; that he thereupon brought mandamus proceedings to compel the approval of said bond, in which proceeding he was successful, this court having affirmed the decision of the lower court. *Price* v. *Township Board of Oakfield,* 182 Mich. 216 (148 N. W. 438). The bond filed by relator was signed by a bonding company. The statute authorizing the acceptance of such bond provides that if a majority of the electors of a township, village, or city should petition the board thereof not to accept a surety company bond, it would be unlawful so to do; that upon serving the order of affirmance upon the said board, the board convened as therein ordered, whereupon a petition was filed,

under the statute as aforesaid, objecting to the approval by the said board of said bond, for the reason that it was signed by a bonding company; that, the board being brought before the circuit court for said county in contempt proceedings, the circuit court held that the filing of said petition was sufficient excuse for noncompliance with said writ of mandamus; that, being desirous to engage in the saloon business, the relator presented a proper application, and caused the same to be filed with the township clerk on the 28th day of July, 1915, to reopen and conduct the said business; that on the 31st day of July, the said township board was duly convened, and refused to approve the said application by a vote of 3 to 1, upon the ground that the date for filing the application was past, said application not having been filed before the 1st day of May; that on the 7th day of August, 1915, relator applied to the circuit court for a writ of mandamus requiring said board to reconvene and approve his said application; that on the 23d day of August, 1915, the circuit court issued a writ of mandamus to said township board to reconvene and approve the said application so presented; that on the 26th day of August, 1915, the said township board convened in obedience to said writ and approved the said application; that thereupon a bond was presented in accordance with the statute, to said board for its approval, which was rejected by a vote of 3 to 1. Relator further shows that members of said board have declared that they would do all they could to delay proceedings relative to the approval of said bond for the conducting of a saloon in said township; further, that the board arbitrarily and wilfully failed to approve of said bond, and that the action is unjust and illegal, and deprives relator of his lawful rights in the premises. Relator prayed for a writ of mandamus, requiring said board to approve said bond. Attached

to his petition to the circuit court was a copy of the bond, which appears to comply with the statute ·in form and substance, and upon which two individuals qualified as sureties in the penal sum of $6,000. An order to show cause having been issued by the circuit court, an answer was filed on the 1st day of September, 1915, which sets out:

"That the laws of the State of Michigan make it discretionary on the part of township boards to approve of or reject all retail liquor applications and bonds, and that said law was in force and effect on the 26th day of August, 1915, as your respondent is advised and believes, and that, exercising its option as it had a right to do, as it is informed and believes, refused to approve of the bond of Raymond A. Price, relator."

On the 7th day of September the board filed an amended answer, setting out the following facts:

"That on the 24th day of August, 1915, there was served upon this board a writ of mandamus, issued out of and under the seal of this court, requiring this township board to convene and approve of the application of Raymond A. Price, and, said writ of mandamus being mandatory in form, this respondent understood that it was necessary for it to comply with said order, or be in contempt of court, and this respondent further understood that the new law, namely, Act 104 (169) of the Session Laws of 1915, made a discretion therein with the township board as to whether they should approve of a retail liquor bond, and, believing that the township board were required by said writ of mandamus to approve of said application, said board did approve of said application on the 26th day of August, 1915, as will more fully appear from the copy of the resolution passed by the township board on said day, which copy is hereto attached and made a part hereof and marked 'Exhibit A.' That the members of said township board were present in open court when the above matter was heard on the 1st day of September, 1915, and heard the remarks of the circuit court judge, to the effect that he did not

intend to sign an order requiring the township board to reconvene and approve of said application, but that he intended to sign an order to reconvene and consider said application and approve of it if there were no legal reasons why they should not do so. Said board after hearing such remarks of the circuit court judge, and after learning that the said circuit court judge did not intend, by his order of mandamus, to take away from said board the discretion vested in said board by Act 104 (169) of the Session Laws of 1915, reconvened on the 2d day of September, 1915, and rescinded their action approving of said application, as will more fully appear from the copy of said resolution passed by said board, hereto attached and made a part of this answer and marked 'Exhibit B.'

"When said board approved of said application they did so under a misapprehension of their rights, they believing that said Act 104 (169) gave them a discretion as to approving of an application for retail liquor license, and said board believed that said order of mandamus, requiring said board to approve of said application, must be complied with at all hazards, and said board further believed that when said application had been approved and a bond was presented by said applicant, that the said board would have a discretion, under said Act 104 (169), as to approving of said bond, that said action approving of said application on the 26th day of August was under a mistaken understanding on the part of said board as to their rights in the matter, and when said board was informed as to said Act 104 (169) and the intention of said circuit court judge in issuing said mandamus, said board promptly reconvened on the 2d day of September, 1915, and rescinded said action of approving said application. Respondent, therefore, says that the writ of mandamus made in this action should not issue because Act 104 (169) of the Public Acts of 1915 gives this respondent a discretion and option as to the approving or disapproving of the application and the bond, for a retail liquor license, and submits that the prayer in said petition should be denied.

"Dated September 7, 1915.

"Township Board of Oakfield Township.

                    "By WM. A. PETERSON."

## EXHIBIT A.

"Whereas, a writ of mandamus has been issued by the circuit court of the county of Kent, State of Michigan, ordering the township board of Oakfield township in said county to convene and approve the application of Raymond A. Price for a retail liquor dealer's license: Therefore, be it resolved that we, the said board, do this day approve the said application.

"Dated Aug. 26, 1915.

"Township Board,
"WILLIAM A. PETERSON, Supervisor.
"A. J. REYNOLDS, Justice.
"ROY GRAY, Justice.
"L. J. GRISWOLD, Clerk."

## EXHIBIT B.

"At a session of the circuit court held in and for the county of Kent on the 1st day of September, 1915, said court stated that its order compelling the township board of Oakfield to convene and accept the application of Raymond A. Price for a saloon license was intended to have been an alternative writ. Therefore be it resolved that we rescind our action in accepting said application.

"WM. A. PETERSON.
"A. J. REYNOLDS.
"ROY GRAY."

On September 8, 1915, the circuit court denied relator's application for a writ of mandamus, whereupon relator secured from this court a writ of certiorari to review such action.

Counsel for appellant in their brief state that three propositions are raised, as follows:

"(1) Is Act 169 retroactive, so that it will apply to proceedings brought before the board before the act became operative?

"(2) The law compels a man to know it, and, so being informed, can the excuse set forth in its amended answer avail respondent?

"(3) Is Act 169 of the Public Acts of 1915 constitutional?"

188 Mich.—34.

Act No. 169 of the Public Acts of 1915 is an independent enactment, and is entitled:

"An act to authorize township boards to refuse to approve any and all applications for license presented to them for their approval by any person, firm or corporation proposing to engage in the business of selling or offering for sale spirituous or intoxicating liquors or mixed liquors and malt, brewed or fermented liquors by retail."

It was approved May 7, 1915. The 1915 legislature adjourned May 25, 1915. The Constitution (article 5, § 21) provides:

"No act shall take effect or be in force until the expiration of ninety days from the end of the session at which the same is passed."

It is therefore obvious that Act No. 169 did not become the law until August 24, 1915. Relator's application and bond were filed together upon the same day, as stated in brief for relator, upon July 28, 1915. On July 31, 1915, the board convened and rejected the application. At that time it is clear that Act No. 169 had not gone into effect. We have held on various occasions that legislation is to have prospective operation only, except when the contrary intent is clearly expressed. *Phillips* v. *Township of New Buffalo,* 68 Mich. 217 (35 N. W. 918) ; *In re Lambrecht,* 137 Mich. 450 (100 N. W. 606).

The duty of the township board in the premises, under the law as it stood at the time the application was made, was clearly pointed out by Mr. Justice STONE, speaking for the court, in *Price* v. *Township Board of Oakfield, supra,* where it is said:

"It is the duty of the board or council to act fairly and in good faith, and not captiously, in the approval of bonds. It is its duty to investigate the responsibility of the sureties; and, when it appears that this has been done and the investigating body is satisfied that

the proposed sureties are irresponsible for the amount of the bond, or that the bond is not in the statutory form, the same should be rejected."

Earlier in the opinion it is stated that if the applicant has brought himself within the terms or conditions imposed by the statute, his application should be granted and his bond approved. See, also, *Hanold* v. *Common Council of Stambaugh,* 163 Mich. 243 (128 N. W. 233).

It is apparent, from a perusal of the record, that the board in refusing to act upon relator's bond was of the opinion that, Act No. 169 having gone into effect subsequent to the filing of relator's application and bond, but before action on the bond was had, they were justified in exercising a discretion, under the act, in withholding their approval of said bond. It is, we think, manifest that upon the filing of the application and bond relator had the right to demand from the township board action thereon, under the law as it then stood, and that the captious refusal on the part of the township board to perform its legal duty in the premises, thus delaying action until Act No. 169 went into operation, was unwarranted.

Under this view of the case it is unnecessary to consider the other questions presented.

The order of the trial judge is therefore reversed, and the proceedings remanded, with directions that the writ of mandamus issue as prayed for.

PERSON, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.