GAMBLE v. LIQUOR CONTROL COMMISSION.

1. INTOXICATING LIQUORS—LICENSES—VESTED RIGHTS.
    A liquor retailer's license issued under the liquor control act creates no vested or property rights (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

2. SAME—REVOCATION OF LICENSES.
    Subject to statutory limitations, a liquor retailer's license may be revoked whenever the liquor control commission deems it proper or the law so requires (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

3. SAME—REVOCATION OF LICENSES—DUE PROCESS.
    The revocation of a liquor retailer's license, issued in violation of the liquor control act, involves no question of due process (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

4. SAME—REVOCATION OF LICENSE ISSUED IN VIOLATION OF STATUTE.
    If a liquor retailer's license be issued in violation of the liquor control act, it should be revoked by the liquor control commission (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

5. MANDAMUS—REVOCATION OF A LIQUOR RETAILER'S LICENSE.
    Mandamus was properly invoked to compel the liquor control commission to revoke a liquor retailer's license which had been issued in violation of the liquor control act (Act No. 8, Pub. Acts 1933 [Ex. Sess.], as amended).

6. INTOXICATING LIQUORS—DETERMINATION OF DISTANCE FROM RE-TAILER'S LOCATION TO CHURCH OR SCHOOL.
    In determining whether or not a "contemplated location" for a liquor retailer licensee "is within 500 feet of a church or a

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–6] 30 Am. Jur., Intoxicating Liquors, §§ 142, 146.
[1–3] Municipal license as affecting municipality's exercise of police power adversely to licensee. 124 A.L.R. 523.
[1–3] Public license as revocable for fraud or other misconduct before, or at the time of, its issuance. 165 A.L.R. 1138.
[2] 30 Am. Jur., Intoxicating Liquors, § 145.
[8] 14 Am. Jur., Costs, §§ 23, 91.

school building, by the regularly traveled thoroughfare" the distance is not computed from the front entrances of the respective structures, but is determined to be the distance intervening between two straight lines projected from the nearest part of the structures at right angles to and across the street upon which they front (Act No. 8, § 2, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 349, Pub. Acts 1947; § 17a, as added by Act No. 133, Pub. Acts 1945).

7. MANDAMUS—ISSUANCE.

Where liquor retailer's license which had been issued in violation of statute had expired after case was submitted for decision but before case was decided, there is no present necessity for issuance of the writ.

8. COSTS—PUBLIC QUESTION—REVOCATION OF ILLEGALLY ISSUED LIQUOR RETAILER'S LICENSE.

No costs are allowed in mandamus proceeding involving construction of statute relative to the issuance of a liquor retailer's license in proximity to church, a public question being involved (Act No. 8, § 2, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 349, Pub. Acts 1947; § 17a, as added by Act No. 133, Pub. Acts 1945).

Mandamus by Roy C. Gamble and others against Liquor Control Commission of the State of Michigan and others to compel revocation of license. Submitted December 14, 1948. (Calendar No. 44,285.) There being no present necessity for issuance of writ on February 28, 1949, it was not issued.

*Foster, Cummins, Snyder, Cameron & Foster* (*Walter S. Foster,* of counsel), for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Charles M. A. Martin,* Assistants Attorney General, for defendant.

DETHMERS, J.  Plaintiffs, three of whom are attendants and members of the Union Church in the village of Greenbush, filed their petition in this

Court for a writ of mandamus to compel the defendant liquor control commission to revoke a class "C" license issued to Morton Dermer and Harry Dermer for the sale of liquor for consumption on the premises at the Greenbush Inn, for the reason that the inn is located, as plaintiffs allege, within 500 feet of the Union Church "by the regularly traveled thoroughfare." On entry of an order to show cause defendants filed their answer and return which "admit the propriety of the instant proceedings." Defendants now contend, however, that the issues involved may properly be presented only in a suit for declaratory judgment or in chancery proceedings; that the plaintiffs here seek a determination of the Dermers' rights in an action to which the latter are not parties, in violation of their rights under the due process clauses of the Federal and State Constitutions.

The license creates no vested or property rights; subject to statutory limitations, it may be revoked whenever the commission deems proper or the law so requires; such revocation involves no question of due process. *People* v. *Schafran,* 168 Mich. 324; *Johnson* v. *Liquor Control Commission,* 266 Mich. 682. If the license was issued in violation of the statute, as plaintiffs contend, it should be revoked. *George* v. *Travis,* 185 Mich. 597 (L. R. A. 1915E, 408). Mandamus is properly invoked. *Hanold* v. *Common Council of Village of Stambaugh,* 163 Mich. 242; *Osborne* v. *Richland Township Board,* 183 Mich. 220.

The pertinent provisions of the statute read as follows:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building, by the regularly traveled thoroughfare." Act No. 8, § 17a, Pub. Acts

1933 (Ex. Sess.), as added by Act No. 133, Pub. Acts 1945 * (Comp. Laws Supp. 1945, § 9209–32a, Stat. Ann. 1947 Cum. Supp. § 18.988[1]).

Was the license issued in violation of the statute? The Union Church is on the west side of State street, a street running north and south. The Greenbush Inn is farther north on the east side of the same street. The taproom, in which liquor is sold under the license, occupies the north 12 feet of the inn. However, the "contemplated location" named in the application and the "location" named in the license itself is the Greenbush Inn. Defendants do not deny plaintiffs' contention that the license permits sale of liquors on the premises anywhere in the inn. Prior to issuance of the license defendants determined the distance between the church and inn to be 532 feet by computing the distance at right angles from the front entrance of the church on State street to the front entrance on that same street of the taproom at the northern extremity of the inn.

In measuring the distance between the church and the inn in accord with statutory requirements, *viz.;* "by the regularly traveled thoroughfare," the distances from the front doors of the church and the inn, respectively, to the thoroughfare are not to be included. *People* v. *Schneider,* 170 Mich. 150. The statute makes no reference to the entrance but only to the "location" at which liquors are sold and prohibits the issuance of a license for sale of liquors at a location "within 500 feet of a church," not merely 500 feet of its entrance. "Church" is defined in the statute as follows:

" 'Church' to mean an entire house or structure set apart primarily for use for purposes of public

* 3 Comp. Laws 1948, § 436.17a.—REPORTER.

worship." Act No. 8, § 2, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 349, Pub. Acts 1947. *

To give effect to the language of the statute, and to effectuate a measurement "by the regularly traveled thoroughfare," two straight lines must be projected, one from the part of the church nearest the inn and one from the part of the Greenbush Inn nearest the church, at right angles to and across State street. The distance along the thoroughfare between the two lines so projected is controlling of the question presented. That distance being admittedly less than 500 feet, the license was issued in violation of the statute and should have been revoked.

The license having expired January 1, 1949, after this case had been submitted, there is no present necessity for issuance of the writ. No costs, a public question being involved.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.

* 3 Comp. Laws 1948, § 436.2 (Stat. Ann. 1947 Cum. Supp. § 18.-972).—REPORTER.