ELLIOTT v. LIQUOR CONTROL COMMISSION.

1. Intoxicating Liquors—Revocation of License—Proximity to Church.
   A retail liquor license must be revoked if issued in violation of liquor law with respect to proximity to a church or school and mandamus is a proper remedy to compel such revocation (CL 1948, § 436.17a, as amended by PA 1949, No 106).

2. Same—Church—Entrance.
   A "church", as the term is used in the liquor law with reference to 500-foot distance from location of establishments for retail sale of liquor, means the entire house or structure set apart primarily for use for purposes of public worship and since the

References for Points in Headnotes

[1–3] 30 Am Jur, Intoxicating Liquors § 344.
[1–3] Reasonableness of statutory or local regulations prohibiting sale or license for sale of intoxicating liquors within prescribed distance from church, school or other institution. 119 ALR 643.
[4] 14 Am Jur, Costs § 91.

statute does not specify the distance shall be measured from the entrance, the entrance to either building is to be disregarded (CL 1948, § 436.17a, as amended by PA 1949, No 106).

3. SAME—SPECIALLY DESIGNATED MERCHANT—REVOCATION OF LICENSE—PROXIMITY TO CHURCH.

Intervenor's license as specially designated merchant, issued under the liquor law, is ordered revoked, where distance between 2 fixed points, as provided by the act, is less than 500 feet, one point being center of street on straight line projected at right angles to center line thereof from part of church building nearest to proposed location and other point being in center of street on straight line projected at right angles to center line of street from part of proposed location nearest church building in question (CL 1948, § 436.17a, as amended by PA 1949, No 106).

4. COSTS—PUBLIC QUESTION—REVOCATION OF ILLEGALLY-ISSUED LIQUOR LICENSE.

No costs are allowed in mandamus proceedings to compel liquor control commission to revoke illegally-issued license to intervenor because of proximity to church, a public question being involved (CL 1948, § 436.17a, as amended by PA 1949, No 106).

Mandamus by Chester Elliott, Harvey Bassett, Richard Bowman, A. L. Spafford, Norman Klump and E. C. Prettyman against Liquor Control Commission and its members to compel revocation of a specially designated merchant's liquor license because of proximity to church. Mayer Warshawsky, licensee, intervened. Submitted December 1, 1953. (Calendar No. 45,943.) Writ granted February 18, 1954.

*Walter S. Foster,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara* and *Franklin J. Rauner,* Assistants Attorney General, for defendants.

REID, J. Plaintiffs filed herein a petition for writ of mandamus directing the defendant liquor control commission of the State and the members thereof, forthwith to revoke, vacate and set aside a license to the intervening defendant Mayer Warshawsky, for a specially designated merchant's license at the location, 8411 Twelfth street, Detroit, Michigan, on the ground that the license was granted on June 24, 1953 on a new application, as distinguished from a renewal application, and that the church building of Grace Episcopal church was and is within 500 feet of the designated location, within the meaning of the present existing and pertinent statute.

On February 28, 1949, in construing and applying the statute as it then existed, we said among other things, in *Gamble* v. *Liquor Control Commission,* 323 Mich 576, pp 578–580:

"If the license was issued in violation of the statute, as plaintiffs contend, it should be revoked. *George* v. *Travis,* 185 Mich 597 (LRA1915E, 408). Mandamus is properly invoked. *Hanold* v. *Common Council of Village of Stambaugh,* 163 Mich 242; *Osborne* v. *Richland Township Board,* 183 Mich 220.

"The pertinent provisions of the statute read as follows:

"'Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building, by the regularly traveled thoroughfare.' PA 1933 (Ex Sess), No 8, § 17a, as added by PA 1945, No 133. * * *

"The statute makes no reference to the entrance but only to the 'location' at which liquors are sold and prohibits the issuance of a license for sale of liquors at a location 'within 500 feet of a church,' not merely 500 feet of its entrance. 'Church' is defined in the statute as follows:

" ' "Church" to mean an entire house or structure set apart primarily for use for purposes of public worship.' PA 1933 (Ex Sess), No 8, § 2, as amended by PA 1947, No 349."

Following the decision in the *Gamble Case, supra,* section 17a added to the liquor law by PA 1945, No 133, was amended by PA 1949, No 106, effective May 17, 1949.

The portion of said section 17a which is pertinent to and governs the issue in the present case is as follows:

"Any new application for a license to sell alcoholic beverages at retail, or any request to transfer location of an existing license, shall be denied in the event the contemplated location is within 500 feet of a church or a school building. Such distance between the church or school building and the contemplated location shall be measured along the center line of the street or streets between 2 fixed points on said center line determined by projecting straight lines, at right angles to the said center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building." CL 1948, § 436.17a, as amended by PA 1949, No 106, in effect, May 17, 1949 (Stat Ann 1953 Cum Supp § 18.988[1]).

A former attorney general had ruled, "Measurement should commence on the center line of the street on which is located the main entrance of the building."*

The designation of the regularly travelled thoroughfare as having a part in determining the measurement of 500 feet was stricken out of the statute by PA 1949, No 106, and the defendant commission was in error in applying the ruling of the attorney

---

* Biennial Report of Attorney General, 1949–1950, p 563.—RE-PORTER.

general so far as expressed in the words just above quoted, which ruling is incorrect under the present form of the statute.

The location of the entrance to either building is to be disregarded, not being an element in the statute.

The church building in question is situated on the northwest part of the property of the church at the northwest corner of Twelfth street, which runs northerly and southerly, and Virginia Park avenue, which intersects Twelfth street at right angles, in the city of Detroit. From the diagram attached to the petition of plaintiffs, it appears that the church property has a frontage on Twelfth street of about 120 feet and on Virginia Park of about 170 feet; a parking lot apparently used by the church occupies the whole frontage on Twelfth street, with a gateway in about the middle of the Twelfth street side, but otherwise the parking lot is fenced off from Twelfth street by a wire fence. There are 2 entrances to the church building both fronting toward Virginia Park across vacant property of the church. Defendants claim the 500-foot restriction is to be traced from a point on the center line of Twelfth street intersected by a line extended at right angles to said center line from the part of the proposed location nearest to the church building, thence to the intersection of the center lines of Twelfth street and Virginia Park, which is 421 feet; and from the intersection of Twelfth street and Virginia Park center lines, along the center line of Virginia Park to a point where a line at right angles to the center line of Virginia Park to the nearest part of the church building would intersect the center line of Virginia Park, which is 103 feet additional, a total of 524 feet.

In applying the statute to the instant case, we consider that the granting of the license is forbidden if the distance between 2 fixed points measured along the center line of Twelfth street is less than 500

feet. One fixed point is determined by projecting a straight line from the part of the church building nearest to the proposed location and along the northerly end of the parking lot at right angles to the center line of Twelfth street; the other fixed point is determined by projecting a straight line at right angles to the center line of Twelfth street from the part of the proposed location nearest the church building in question. The distance between such 2 fixed points is shown by the record to be 262 feet and the granting of the license contravenes the terms of the statute.

The defendant commission is required to revoke, rescind and cancel the license heretofore issued to the intervening defendant. A writ of mandamus will issue if found necessary. No costs, a question of public importance being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and DETHMERS, JJ., concurred.

KELLY, J., took no part in the decision of this case.