T.D.N. ENTERPRISES, INC v LIQUOR CONTROL COMMISSION

Docket Nos. 78-1193, 78-1375. Submitted March 8, 1979, at Lansing.—
Decided April 20, 1979. Leave to appeal applied for.

T.D.N. Enterprises, Inc., Shop Rite Development Company, Munford, Inc., and William and Judith Spratling each applied for one available liquor license in Meridian Township. T.D.N.'s request was for a transfer of a license it previously held and which was being kept in escrow by the Liquor Control Commission. Following a series of hearings, the commission awarded the license to the Spratlings, having found that all the applicants qualified equally but that the Spratlings had filed their application first. T.D.N. appealed to the Ingham Circuit Court and Shop Rite intervened as an appellant. The circuit court, Ray C. Hotchkiss, J., affirmed the commission's decision. T.D.N. appeals, alleging that the commission was required to conduct its hearings as contested cases according to the Administrative Procedures Act, and that the commission failed to comply with an earlier Court of Appeals ruling which required the promulgation of rules governing the licensing procedure. *Held:*

1. The contested cases provisions of the Administrative Procedures Act do not apply in this case because the statute governing the issuance of licenses does not require that selection of a licensee should be preceded by notice and an opportunity for a hearing.

2. The commission adopted rules prior to the time T.D.N. applied for the license and T.D.N. had the benefit of those rules throughout the proceedings.

3. The decision of the commission was based upon competent, material and substantial evidence, and was not arbitrary, capricious, or an abuse of discretion.

Affirmed.

1. ADMINISTRATIVE LAW — LICENSES — ADMINISTRATIVE PROCEDURES
ACT — STATUTES.

The provisions of the Administrative Procedures Act which deal with contested cases do not apply where the pertinent statute

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Administrative Law §§ 201-203.

governing the issuance of licenses by an administrative agency does not require that the selection of a licensee should be preceded by notice and an opportunity for hearing (MCL 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

2. INTOXICATING LIQUORS — LICENSES — SELECTION OF LICENSEES — STATUTES.

   The statute governing the issuance of Specially Designated Distributor liquor licenses contains no requirement that selection of a licensee by the Liquor Control Commission be preceded by notice and an opportunity for a hearing (MCL 436.17; MSA 18.988).

*Daniel W. McKelvey,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard, Thomas J. Giachino* and *Larry F. Brya,* Assistants Attorney General, for defendants Liquor Control Commission and its individual members.

*Farhat, Burns & Story* (by *Norman C. Farhat* and *Richard C. Kraus),* for defendants Spratling.

*Downs & Pirich,* for Shop Rite Development Company.

Before: DANHOF, C.J., and BASHARA and D. E. HOLBROOK, JR., JJ.

PER CURIAM. T.D.N. Enterprises, Inc. is appealing from an order of the trial court which affirmed the decision of the Michigan Liquor Control Commission (MLCC) to issue a Specially Designated Distributor (SDD) license to the defendants William and Judith Spratling. Shop Rite Development Company has intervened in this controversy as an appellant.

There were four competing applicants for one available SDD license in Meridian Township. One

of the applicants, T.D.N., requested that the MLCC transfer its previously held SDD license which was being kept in escrow by the MLCC. The Spratlings were the first applicants to file their request for the SDD license, followed by Shop Rite, who was in turn followed by T.D.N. in its request for transfer of its license. Munford, Inc. was the fourth applicant to file. The record of events leading up to this appeal evidences numerous hearings by the MLCC in addition to several related rulings by the Ingham County Circuit Court.

T.D.N. contends that the commission was required to conduct its hearings as contested cases according to the provisions of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* This Court has held otherwise. Where the pertinent statute governing the issuance of licenses by an administrative agency does not require that the selection of a licensee should be preceded by notice and an opportunity for hearing, the provisions of the Administrative Procedures Act dealing with contested cases do not apply. *Kelly Downs, Inc v Racing Comm,* 60 Mich App 539, 546-548; 231 NW2d 443 (1975). The statute governing the issuance of SDD licenses contains no such requirement. MCL 436.17; MSA 18.988. Even though the parties were not entitled to conduct cross-examination at these hearings under the holding in *Kelly Downs, supra,* they were afforded the opportunity to present their cases to the commission.

Plaintiff T.D.N. also claims that the MLCC failed to comply with the directives set forth in *Mallchok v Liquor Control Comm,* 72 Mich App 341; 249 NW2d 415 (1976). There a panel of this Court held that the standards by which the MLCC evaluates license applicants must be in the form of promulgated, processed and published rules. The

Court recognized the broad discretion granted to the MLCC in granting liquor licenses, but held that its discretion could not be absolute. Applicants had to be furnished with minimal, concrete guidelines. The MLCC adopted emergency rules on February 14, 1977, governing licensing qualifications pursuant to the Court's ruling. Those rules expired one year later and were replaced by permanent rules which took effect on March 14, 1978. These rules clearly and adequately detailed the MLCC's licensing procedure so as to provide applicants with the necessary standards. T.D.N. did not request that its SDD license be transferred until March 28, 1977, and thus had the benefit of the promulgated rules throughout the proceedings and cannot now claim otherwise.

The commission found that the four applicants for the one available SDD license in Meridian Township were all eligible and qualified equally under all of the factors stated in its rules except for one. That distinguishing factor was the priority in time of filing the requests for the license. Because the Spratlings were found to have been prior to the other applicants in filing, they were accordingly awarded the license.

On review of this decision, the Ingham County Circuit Court found that the commission had not acted arbitrarily or capriciously, nor had it abused its discretion. Its decision was found to be based upon competent, material and substantial evidence. Our review of the record leads us to the same conclusion.

Affirmed.