## ALLOS v LIQUOR CONTROL COMMISSION

Docket No. 43699. Submitted February 20, 1980, at Detroit.—Decided April 22, 1980.

Nuhad Allos, doing business as Harry's Opdyke Market, applied to the Liquor Control Commission for a specially designated distributor license. The commission ordered consideration of the application to be held in abeyance pending a decision by the Court of Appeals in another case. After that decision, and in response to it, the commission promulgated an emergency rule forbidding issuance of a license to any establishment located within one-half mile of another licensee. The commission then denied Allos' application based upon the newly-promulgated rule. Allos sought a reversal of the denial in Oakland Circuit Court, which dismissed her action, Francis X. O'Brien, J. Allos appeals. *Held:*

The commission's action in holding the application in abeyance until after the commission promulgated the emergency rule in response to a Court of Appeals decision and in then basing the denial of the application on that rule was arbitrary and an abuse of discretion. The application should have been evaluated on the basis of the rules and regulations in effect on the date of the denial of rehearing in the other Court of Appeals case.

Reversed and remanded.

Administrative Law — Licensing — Emergency Rules — Denial of Application.

An administrative agency may not, when an issue is before the courts, place an application for a license in abeyance pending judicial resolution of the issue and then, after an adverse ruling on the issue, continue to hold the application in abeyance while promulgating emergency rules in response to the court's ruling and then deny the application on the basis of the newly-promulgated rules.

References for Points in Headnote

[1] 1 Am Jur 2d, Administrative Law §§ 140, 186.
51 Am Jur 2d, Licenses and Permits §§ 53, 104-106.

Roger S. Canzano, for plaintiff.

Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and A. C. Stoddard and Richard I. Rubin, Assistants Attorney General, for defendant.

Before: BASHARA, P.J., and T. M. BURNS and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff Nuhad Allos, d/b/a Harry's Opdyke Market, appeals the circuit court's dismissal of her complaint for reversal of defendant Liquor Control Commission's denial of her application for an SDD (specially designated distributor) license.

On September 24, 1975, defendant received from plaintiff an application for an SDD license. Plaintiff was informed that her application would be considered along with those of other applicants seeking similar licenses for establishments in close proximity to plaintiff's store. On January 26, 1976, an SDD survey was ordered concerning plaintiff's application. The survey was conducted in February. In a June 1, 1976, order, the commission authorized an investigation of plaintiff's request for a license. A formal application was sent to plaintiff on June 10, 1976. The commission received the completed application on June 21, 1976. Protest letters were sent to the commission by an area merchant, complaining about the possible issuance of an SDD license to plaintiff. On August 12, 1976, plaintiff passed an examination required of SDD applicants. The commission investigator completed his report in August and recommended that plaintiff's request be granted. In a report dated September 18, 1976, the chief of police

stated his opinion that the license should be granted.

On October 25, 1976, the commission scheduled a protest hearing concerning plaintiff's application. On November 16, 1976, the enforcement division investigator was asked to determine the exact distances from plaintiff's store to two SDD outlets in its vicinity. The investigator reported on November 30 that plaintiff's store was 2,347 feet from one of the outlets and 1,660 feet from the other. On December 15, 1976, the October 25 order was rescinded and the commission ordered that consideration of plaintiff's application "be held in abeyance pending a rehearing in the case of *Mallchok v Liquor Control Commission* [72 Mich App 341; 249 NW2d 415 (1976)]".

In a February 8, 1977, letter to the commission, plaintiff's counsel reminded the commission that *Mallchok* had been decided and indicated his hope that plaintiff's request for a license would be approved.

On February 28, 1977, the commission denied plaintiff's request for an SDD license. Denial was based on emergency rule 47(2), which embodied the commission's "half-mile policy". (Plaintiff's store was, as noted above, less than one-half mile from two existing SDD outlets.) The commission affirmed its February 28 order on August 15, 1977. On appeal, the circuit court affirmed the denial of plaintiff's request for an SDD license. We reverse.

In its November 22, 1976, decision in *Mallchok v Liquor Control Comm, supra,* this Court ruled that, in order to rely on its half-mile policy in denying applications for SDD licenses, the Liquor Control Commission was required to "promulgate, process and publish" that policy according to the rule-making procedures set forth in the Adminis-

trative Procedures Act. MCL 24.231 *et seq.;* MSA 3.560(131) *et seq.,* 72 Mich App at 347. Mr. Mallchok's application for an SDD license had been denied primarily due to the half-mile policy. The Court reversed the circuit court's affirmance of the commission's denial and remanded to the commission:

"to reevaluate plaintiff's application measured by all existing promulgated, published and processed rules and regulations as of August 27, 1973, the date of the final order." *Id.,* 348.

The Court ruled that, "[a]bsent rules or regulations constituting grounds for denial", Mr. Mallchok was to be granted a license.

On January 10, 1977, this Court denied the *Mallchok* parties' motions for rehearing.[1]

Pursuant to MCL 24.248; MSA 3.560(148), the Liquor Control Commission promulgated emergency rule 47(2), effective February 18, 1977. The rule provides:

"An application for a new specially designated distributor license, or for the transfer of location of an existing specially designated distributor license, shall not be approved by the Commission where there is an existing specially designated distributor license located within 2,640 feet, measured along the nearest traffic route. A specially designated distributor license, issued in conjunction with an on-premise license, is excluded from this provision. The Commission may waive this prohibition where the proposed location is separated from the existing specially designated distributor licensee by a major highway of not less than 4 lanes, or where the proposed licensed establishment is located in

---

[1] No application for leave to appeal was made in the Supreme Court.

a separate shopping center." 1954 Michigan Administrative Code, Supp 90, p 44.[2]

In our view, the commission impermissibly relied on emergency rule 47(2) in denying plaintiff's application for an SDD license. We find the *Mallchok* rationale and result fully applicable to the facts of this case. When plaintiff filed her application there was no half-mile *rule;* nor had the commission initiated rule-making procedures concerning its half-mile policy. The commission's continuation of the hold on plaintiff's application after *Mallchok* was decided, subsequent promulgation of the emergency rule and denial based solely thereon were arbitrary and an abuse of administrative discretion. MCL 24.306(1)(e); MSA 3.560(206)(1)(e).[3]

We emphasize that we find error only in the continuation of delay following *Mallchok.* The commission did not err in its decision to hold plaintiff's application in abeyance pending consideration of its motion for rehearing in *Mallchok.* If this Court had ruled that denial of Mr. Mallchok's application based on the half-mile policy was permissible, the commission could have similarly denied plaintiff's application. However, once *Mallchok* was decided and rehearing was denied, the commission was obligated to treat plaintiff's application just as this Court ordered it to evaluate that of Mr. Mallchok—*i.e.,* without consideration of the half-mile policy or rule.[4]

---

[2] The rule has since been promulgated as a nonemergency rule. 1978 AACS R 436.1133.

[3] *Cf., Price v Oakfield Twp Board,* 188 Mich 524; 154 NW 657 (1915).

[4] Although this Court ordered reevaluation of Mr. Mallchok's application in light of rules in existence at the time of the "final order", the clear import and intent of the holding was to require reevaluation without consideration of the half-mile policy or of a half-mile rule subsequently adopted.

We reverse the circuit court's order and remand to the commission for reevaluation of plaintiff's application in light of promulgated, published and processed rules and regulations which existed on January 10, 1977, when this Court denied rehearing in *Mallchok.*

Reversed and remanded.