SEMAAN v LIQUOR CONTROL COMMISSION

Docket No. 72296. Submitted March 20, 1984, at Detroit.—Decided June 13, 1984. Leave to appeal applied for.

Gerald E. Semaan, an applicant for a license to sell packaged liquor for take-out only, filed a petition for review in Oakland Circuit Court challenging the decision of the Michigan Liquor Control Commission to grant the one available license for Commerce Township to John and Jane Waszchuk rather than to himself. The commission had determined that, of all the applicants, three met the statutory and regulatory qualifications and were equally qualified. The commission then granted the license to the Waszchuks, finding that they had filed their application before the other two qualified applicants. The court, David F. Breck, J., held that the commission erred in interpreting its licensing rules as to minimum qualifications and in granting the Waszchuks' application on the basis of priority of filing and remanded the matter to the commission for further hearing. The Liquor Control Commission appeals. *Held:*

1. The commission did not abuse its discretion in interpreting and applying its rules.

2. The trial court erroneously went outside the record in considering a letter which purportedly shows that the Waszchuks were not considered qualified by the commission at the time of their original filing. Neither the letter nor any claim based thereon was presented to the commission.

3. The trial court also instructed the commission to address Semaan's argument concerning undue delay in his obtaining a beer and wine license. The commission has already addressed that issue.

The order of the circuit court remanding this matter to the commission is reversed.

1. INTOXICATING LIQUORS — LICENSES — SELECTION OF LICENSEES.

Priority in time of filing requests for a liquor license is the deciding factor in determining which of two or more eligible

REFERENCES FOR POINTS IN HEADNOTES
[1] 45 Am Jur 2d, Intoxicating Liquors § 159 *et seq.*
[2] 45 Am Jur 2d, Intoxicating Liquors §§ 163-169.

and equally qualified competing applicants will be granted a single available license (1979 AC, R 436.1105[2][f]).

2. INTOXICATING LIQUORS — LICENSES — APPEAL — EVIDENCE — CIRCUIT COURT.

It was error for a circuit court to consider evidence outside the record in reviewing a decision of the Michigan Liquor Control Commission and to rely on that evidence in reversing the commission's decision to award a liquor license to one of several competing applicants.

*Rothstein, Erlich & Rothstein (by Steward I. Erlich* and *Henry J. Shymanski),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Richard I. Rubin,* Assistants Attorney General, for respondent.

Before: M. J. KELLY, P.J., and BEASLEY and GRIBBS, JJ.

PER CURIAM. Respondent Michigan Liquor Control Commission (MLCC) appeals from a decision of the circuit court reversing and remanding the MLCC's order which granted respondents John and Jane Waszchuk's application of a Specially Designated Distributor (SDD)[1] license and denied the application of petitioner, Gerald Edward Semaan, and remanding the matter to the MLCC.

In 1980, Semaan, the Waszchuks and several others submitted applications to the MLCC for SDD licenses for businesses located in Commerce Township. They were notified that all six of the township's population-based quota of SDD licenses had been issued. However, after the 1980 census, the quota increased to seven licenses, at which time the applications were re-evaluated for the

[1] SDD licenses permit the holder to sell packaged liquor, except beer and wine, for take-out only.

new opening. The commission determined that three applicants met the statutory and regulatory qualifications for SDD licenses: Semaan, the Waszchuks, and Kallabat, Inc. The commission then held that, given the fact that each of these applicants were equally qualified, the applications should be considered on the basis of priority of filing.

Under MLCC Rule 436.1105(2)(f), 1979 AC, R 436.1105(2)(f), the commission determined that the Waszchuks filed on June 9, 1980, Semaan on October 10, 1980, and Kallabat, Inc., on October 6, 1980. The Waszchuk application was then approved. According to Semaan, the Waszchuks were informed by letter on July 25, 1980, that they were not considered an established merchant pursuant to Rule 436.1101(1)(a), 1979 AC, R 436.1101(1)(a), and, therefore, no further action would be taken on their application. Semaan states that the Waszchuks filed a new application for an SDD license on September 11, 1981, and Semaan filed a renewal application on August 7, 1981.

Kallabat and Semaan requested a hearing on the applications, which was held June 17, 1982. The commission issued findings and an order affirming its earlier decision. In addition to objecting to the denial of his application, Semaan also alleged that his SDD application had been held up for a year due to the township's needless delay in approving his SDM (beer and wine) license, a prerequisite to SDD license application.

Semaan filed a petition for review in the circuit court, which reversed, holding that the commission erred in interpreting its licensing rules as to minimum qualifications and then granting the Waszchuks' application on the basis of priority of

filing. The cirucit court remanded the matter to the MLCC for further hearing in accordance with its opinion. The MLCC appeals that ruling, raising several issues.

First, the MLCC contends that the trial court erred in finding that the MLCC abused its discretion in granting the Waszchuk application pursuant to its interpretation of Rule 436.1105(2), 1979 AC, R 436.1105(2), which provides:

"(2) The commission shall consider the following factors in determining whether an applicant may be issued a license:

"(a) The applicant's management experience in the alcoholic liquor business.

"(b) The applicant's general management experience.

"(c) The applicant's general business reputation.

"(d) The opinions of the local residents, local legislative body, or local law enforcement agency with regard to the proposed business.

"(e) The applicant's moral character.

"(f) The order in which the competing initial application forms are submitted to the commission.

"(g) Past criminal convictions of the applicant for crimes involving moral turpitude, violence, or alcoholic liquor.

"(h) The applicant's excessive use of alcoholic liquor.

"(i) The effects that the issuance of a license would have on the economic development of the area.

"(j) The effects that the issuance of a license would have on the health, welfare, and safety of the general public."

In its findings issued following the June 17, 1982, hearing, the commission stated:

"In general, the arguments of both Kallabat and Semaan appear to be based on the premise that priority

of application date is only one of the several factors enumerated in Rule 5(2), *supra,* and that while Waszchuk may be superior applicant in respect to this fact, Kallabat and Semaan are superior in respect to certain of the other factors included in the rule.

"The difficulty with this argument is that it overlooks several important facts.

"First of all, it should be noted that all three of the parties to this matter are already licensed by the commission with SDM licenses at their respective locations and have been so licensed for sometime. From this it is clear that all three businesses meet the basic criteria for licensure, including compliance with the provisions of Rule 5(2), *supra.*

"For the commission to accept these arguments would have the impact of totally changing the intended purpose of Rule 5(2), *supra.* The factors enumerated in the rule were promulgated by the commission for the purpose of setting minimum standards for all applicants for licensure, and the commission has traditionally operated on the premise that once an applicant has met these minimum standards that applicant is equal to all other applicants who have done likewise.

"Finally, in the instant matter the commission is convinced that it has complied with the requirements of Rule 5(2), *supra,* in that it has considered all of the factors enumerated in the rule and has concluded that all three parties are qualified for issuance of an SDD license. This being so, in the actual issuance of this license the commission has relied upon priority of application date, the one factor which is totally objective, and which has been upheld by the Court of Appeals [*TDN Enterprises v Liquor Control Comm,* 90 Mich App 437, 439-440 (1979)], as suitable for use when competing applicants are equally qualified."

The trial court found that the MLCC had erred in interpreting "minimal to mean equal" and held that the commission must weigh each factor when determining if one applicant is more qualified than another. In his opinion from the bench, the trial

judge appeared to say that an applicant must be "graded" on each factor.[2]

In *TDN Enterprises, Inc v Liquor Control Comm*,[3] cited as authority for the findings of both the circuit court and the MLCC, this Court stated:

"The commission found that the four applicants for the one available SDD license in Meridian Township were all eligible and qualified equally under all of the factors stated in its rules except for one. That distinguishing factor was the priority in time of filing the requests for the license. Because the Spratlings were found to have been prior to the other applicants in filing, they were accordingly awarded the license."

"The Court further found that the commission had neither acted arbitrarily or capriciously nor abused its discretion.

In the present case, we do not find an abuse of discretion in the MLCC's interpretation and method of applying its rules. There is a manifest difficulty in applying factors such as "an applicant's management experience in the alcoholic liquor business" as a basis for selection among two applicants both possessing the same. The same difficulty is present with respect to (2)(b), management experience, (2)(c), general business reputation, and (2)(e), moral character. The history of problems in granting liquor licenses suggests support for the MLCC's effort to rest selection in close cases to an objective standard. We will not substitute our judgment for that of the MLCC in using the named factors in terms of minimum standards.

---

[2] Among other things, the trial judge said:
"The court is going to find that equal does not mean minimal and that the Liquor Control Commission must weigh each factor and determine if an applicant is more qualified than another."

[3] 90 Mich App 437, 440; 280 NW2d 622 (1979).

The circuit court also found that there was an abuse of discretion by the commission in determining that, on the basis of the June 9, 1980, filing date, the Waszchuks had priority of filing because of a letter produced by counsel for Semaan in the circuit court. This letter purports to indicate that at the time of this earlier filing, the Waszchuks were not considerd qualified. In the hearing before the MLCC, neither the letter nor a claim based upon any such letter was presented. Under these circumstances, we decline to consider a matter that should have been brought before the MLCC for its consideration and findings. The trial court erroneously went outside the record in considering such a letter.

In addition, the commission argues that, in the absence of any MLCC order or finding that the Waszchuks were not then qualified applicants, the court had no real basis for concluding that the earlier application by the Waszchuks was not a qualified application. The commission also notes that the rule in question refers to "initial application forms" rather than "qualified applications". Thus, we conclude that it was error of the trial court to go outside the record in using this letter as a reason for upsetting the MLCC's selection.

The MLCC was also instructed by the court to address Semaan's argument concerning undue delay in his obtaining a beer and wine (SDM) license. The MLCC objects that the circuit court, in considering this issue, was going outside of the record before it.

In its findings issued following the review hearing, the commission did address this argument and concluded that the delay was not the fault of the township, as Semaan contended, but that their

records indicated that the delay was due to defects in the building which Semaan proposed to license.[4]

In summary, we do not find any abuse of discretion by the commission regarding its interpretation of the licensing rules or its findings regarding award of the SDD license to the Waszchuks. Therefore, we reverse the order of the circuit court remanding this matter to the commission.

Reversed.

---

[4] In the June 17, 1982, hearing, the commission found as follows:

"However, the records further indicate that this delay was caused by various problems with regard to the then existing building, which problems resulted in the structure not meeting the requirements of the Oakland County Health Department or Commerce Township Zoning Ordinances. Thus, since the cause of the delay was defects in the building which Semaan proposed to license, it is difficult to understand how these defects were the fault of the township, or that the delay in issuance of the license was attributable to the township, since the township is obligated to enforce its zoning ordinances."