KASSAB v ACHO

Docket No. 79596. Submitted June 25, 1985, at Detroit.—Decided February 5, 1986.

Khalid and Issam Kassab own a store on East Seven Mile Road in the City of Detroit and hold a specially designated distributor's (SDD) liquor license in connection with that store. Yalda Acho owns a store on East Seven Mile Road directly across the street from the Kassabs' store. Acho sought an SDD license for his store, arguing that, because his store was separated from the Kassabs' store by East Seven Mile Road, he was eligible for a license under the major thoroughfare exception to the rule prohibiting SDD licensees within one-half mile of each other. The Liquor Control Commission denied the license. Acho requested an appeal hearing before the commission pursuant to the commission's rules. Because the Kassabs owned the nearest SDD licensed outlet, the commission sent a notice of hearing to the Kassabs and offered them the opportunity to appear and argue before the commission. The Kassabs appeared at the hearing with their attorney. East Seven Mile Road at the point it separates the two stores has four lanes, two moving lanes and two parking lanes. The original denial of the Acho license was on the basis that the major thoroughfare exception requires four lanes of moving traffic to be applicable. Subsequent to the appeal hearing, the commission received two letters from the Detroit police chief to the effect that parking was to be banned on that section of East Seven Mile Road and the road was a major thoroughfare. The Kassabs were not given notice of the commission's receipt of the police chief's letters. The commission granted the Acho license on the basis that the

REFERENCES

Am Jur 2d, Administrative Law §§ 69-186.

Am Jur 2d, Intoxicating Liquors §§ 22-66.

What constitutes "sale" of liquor in violation of statute or ordinance. 89 ALR3d 551.

Validity of municipal regulation more restrictive than state regulation as to time for selling or serving intoxicating liquor. 51 ALR3d 1061.

See also the annotations in the ALR3d/4th Quick Index under Administrative Law.

police chief's letters established the status necessary for application of the major thoroughfare exception.

The Kassabs filed a petition in Wayne Circuit Court seeking review of the commission's determination pursuant to the provisions of the Administrative Procedures Act, naming Acho and the commission as respondents. Subsequent to the initiation of the circuit court review, the commission discovered that the parking ban was temporary and could not have been made permanent without city council approval. The commission moved in circuit court for remand to the commission for further consideration. The Kassabs moved for remand, for a preliminary injunction, or for advancing the matter for immediate hearing. Robert J. Colombo, J., denied the motions to remand and ordered that the matter be set for hearing. Following a hearing, Judge Colombo affirmed the commission's order granting the Acho license, holding that at the time the license was granted East Seven Mile Road was a four-lane major thoroughfare and that the commission's rules did not specifically provide that a parking lane could not be considered to be a traffic lane. The Kassabs appealed and the Court of Appeals reversed and remanded for further fact-finding and consideration, 125 Mich App 442 (1983). On remand, the commission affirmed its prior decision granting the license. The Kassabs petitioned the Wayne Circuit Court for review and the court, Richard C. Kaufman, J., reversed, holding that, since East Seven Mile Road did not become a permanent four-lane major thoroughfare, the exception to the one-half mile rule did not apply and the commission lacked the authority to issue the license. Yalda Acho appealed. *Held:*

The Liquor Control Commission does not have the authority to waive the application of one of its rules. Since the road did not become a major thoroughfare, no exception to the one-half mile rule applied and Acho was not entitled to a license.

Affirmed.

BRONSON, J., dissented. He would hold that the decision whether Seven Mile Road became a permanent four-lane major thoroughfare is one that must be made by the commission and not the circuit court. He would remand to the commission for further findings of fact.

1. INTOXICATING LIQUORS — LIQUOR CONTROL COMMISSION.

The Liquor Control Commission does not have the authority to waive the application of one of its rules.

2. ADMINISTRATIVE LAW — INHERENT POWERS.

An administrative agency has no inherent powers; any authority it has comes from the Legislature.

*Lawson & Lawson, P.C.,* (by *David M. Lawson),* for plaintiffs.

*James W. Burdick,* for appellant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Frank J. Pipp* and *Patrick D. Hartig,* Assistants Attorney General, for the Liquor Control Commission.

Before: R. M. MAHER, P.J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. Yalda Acho appeals as of right from a Wayne County Circuit Court order which reversed a decision of the Michigan Liquor Control Commission granting him a specially designated distributor's (SDD) liquor license. This case is before this Court for the second time. In *Kassab v Acho,* 125 Mich App 442; 336 NW2d 816 (1983), we reversed the circuit court's decision affirming the commission's grant of the SDD license, and remanded to the commission for further fact-finding and reconsideration.

Khalid and Issam Kassab own a party store located on East Seven Mile Road in Detroit and hold an SDD liquor license. Acho also owns a party store on East Seven Mile Road, directly across the street from the Kassab's store. On November 23, 1977, Acho applied for an SDD license, arguing that, because his store is separated from the Kassab's store by East Seven Mile Road, he was eligible for a waiver of the rule requiring that SDD outlets be at least one-half mile apart. 1979 AC, R 436.1133(c).[1]

---

[1] 1979 AC, R 436.1133 provides in part:

"An application for a new specially designated distributor license or for the transfer of location of an existing specially designated distributor license shall not be approved by the commission if there is an

On October 15, 1979, the commission denied Acho a license, concluding that he was not eligible for a waiver of the one-half mile rule because East Seven Mile Road could not be considered a "major thoroughfare of not less than four lanes of traffic", since it was a four-lane road consisting of two moving lanes and two parking lanes. Acho requested and received an appeal hearing pursuant to 1979 AC, R 436.1925(2). Since the Kassabs owned the nearest SDD outlet, they were sent a notice of hearing which offered them an opportunity to be heard. The evidence at the hearing held on December 20, 1979, established that the portion of East Seven Mile Road in question was a four-lane road, however, two of the four lanes were designated as 24-hour parking lanes.

After the hearing, Detroit Police Chief William Hart wrote two letters to the commission advising it that the road was a major four-lane thoroughfare with all four lanes used for traffic and that 24-hour parking would be banned effective February 25, 1980. Relying on the letter submitted by Chief Hart, the commission granted defendant an SDD license on March 10, 1980. The Kassabs appealed to circuit court and petitioned the commission for reconsideration. The commission reinvestigated the matter and found that the parking ban was temporary and that parking on the two outside lanes had been restored. Evidence to this effect was presented at the May 14, 1981, circuit court hearing. Nevertheless, the circuit court af-

existing specially designated distributor license located within 2,640 feet of the proposed site. * * * This rule may be waived by the commission for 1 of the following reasons:

* * *

"(c) If the proposed location and the existing specially designated distributor's licensed establishment are separated by a major thoroughfare of not less than 4 lanes of traffic."

firmed the commission's grant of the license, finding no abuse of discretion.

We reversed and remanded the case to the commission for further fact-finding and reconsideration. *Kassab v Acho, supra,* p 448. On remand, the commission affirmed its prior decision granting defendant an SDD license. Acho appeals from the circuit court's reversal of the commission's decision.

We must first determine the proper standard of review of a grant of a liquor license. In the prior appeal of this case, *Kassab, supra,* pp 449-453, this Court held that § 106 of the Administrative Procedures Act[2] governed, since the licensing matter was a "contested case", defined by MCL 24.203; MSA 3.560(103)(3) as:

" '[A] proceeding, including but not limited to rate-making, price-fixing, and licensing, in which determination of the legal rights, duties or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing.' "

The scope of review in the earlier opinion, how-

_____

[2] MCL 24.306; MSA 3.560(206) provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

"(a) In violation of the constitution or a statute.

"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings."

ever, conflicts with this Court's decision in *TDN Enterprises, Inc v Liquor Control Comm,* 90 Mich App 437; 280 NW2d 622 (1979), *lv den* 407 Mich 907 (1979), where it was held that the APA provisions dealing with contested cases do not apply to licensing matters because the statute governing the issuance of SDD licenses, MCL 436.17; MSA 18.988, does not require that the selection of a licensee be preceded by notice and the opportunity for a hearing. See also *Kelly Downs, Inc v Racing Comm,* 60 Mich App 539, 546-548; 231 NW2d 443 (1975).

We agree with the panel in *TDN Enterprises* that the definition of "contested case" as applied to the initial grant of a liquor license renders the judicial review provisions of the APA inapplicable. Although commission rules provide for an appeal hearing after the initial decision by the commission, 1979 AC, R 436.1925, the procedure does not bring this matter within the statutory definition of a contested case. Inasmuch as the provisions of the APA are inapplicable and the Liquor Control Act only provides for judicial review of violations of the act, the scope of review provided by Const 1963, art 6, § 28 and the Revised Judicature Act, MCL 600.631; MSA 27A.631, applies when this Court reviews a decision of the commission granting a liquor license.[3] Under that standard, this Court reviews the decision of the commission to determine whether it is authorized by law and

---

[3] But see *Semaan v Liquor Control Comm,* 136 Mich App 243; 355 NW2d 643 (1984), where this Court, without citing the APA, reviewed the commission's decision for an abuse of discretion; and *Allos v Liquor Control Comm,* 97 Mich App 44; 294 NW2d 241 (1980), where the commission's decision was reviewed under § 106 of the APA for an abuse of discretion. In *Ron's Last Chance, Inc v Liquor Control Comm,* 124 Mich App 179; 333 NW2d 502 (1983), the APA's scope of review was applicable because this Court was reviewing a commission decision to revoke a license, a contested case since due process requires a hearing before a decision is made.

supported by competent, material and substantial evidence.

In the instant case, however, we are bound by the law of the case doctrine, *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981); *Cicelski v Sears, Roebuck & Co*, 132 Mich App 298; 348 NW2d 685 (1984), and must apply the standard of review relied on in the first appeal. Nevertheless, under either standard of review, the commission's decision to grant the liquor license must be reversed.

In the prior appeal, this Court concluded that the Kassabs were materially prejudiced when Chief Hart's letters were received and considered by the commission without affording them notice and the opportunity to respond to the letters before the commission rendered its decision. *Kassab*, 125 Mich App 458. The letters addressed the main issue in the case, whether the exception to the one-half mile rule applied. On remand, the commission stated:

"While it is *now known* that the commission's approval of Acho's SDD license was based upon incomplete facts, and while it is *now known* that the change in the parking on East Seven Mile Road was not done in a procedurally correct manner, and while it is *now known* that the parking ban was temporary, none of this information was available at the time the license was approved and it seems to the commission that this is the crucial point. If any of these matters had been known to the commission at the time, the commission would not have approved the license.

\* \* \*

"As to the question of whether Acho's license should now be cancelled, the commission concludes that it should not. It has now been in excess of three and one-half years since Acho's license was granted, and the commission is convinced that the matter of equity must also be addressed. While it is true that Kassab's liquor

purchases have declined somewhat since Acho's license
was issued, based upon the amount of liquor purchased
from the commission, Kassab continues to make a gross
profit in excess of $48,000 per year from the sale of
spirits. At the same time Acho has apparently made a
substantial investment in his business, in order to
modernize the store and provide additional parking for
his customers, based in part at least on the increased
business generated by the availability of package liquor.
To now remove the license because of the circumstances
of its issuance, over which it is significant to note, Acho
had no control would seem to the commission to be
unfair." (Emphasis supplied.)

On appeal, the circuit court reversed, holding
that this Court's remand order required the com-
mission to reconsider Acho's application based on
the facts which actually existed in March, 1980,
not simply on the facts which were known in
March, 1980. The circuit court concluded that,
since East Seven Mile Road did not become a
permanent four-lane major thoroughfare, the ex-
ception to the one-half mile rule did not apply and
the commission lacked the authority to issue a
SDD license to Acho.

We agree with the circuit court's reasoning. In
our prior opinion, we reversed the commission
because its decision was based on incomplete or
inadequate facts. The commission was required to
conduct further fact-finding and reconsider its de-
cision. That fact-finding revealed that the excep-
tion to the one-half mile rule was inapplicable.
The commission conceded that the evidence did
not support its conclusion. Nevertheless, it refused
to cancel or revoke Acho's license. Its decision to
continue Acho's license is neither authorized by
law nor supported by competent, material and
substantial evidence. While it is true that the
commission has complete control of liquor traffic,

Const 1963, art 4, § 40; *Mallchok v Liquor Control Comm,* 72 Mich App 341, 343-345; 249 NW2d 415 (1976), its power is subject to statutory limitations. *Mallchok, supra,* p 344. The commission does not have the discretion to waive the rule unless one of the exceptions applies. Thus, applying the facts to the law, we conclude that the commission improperly issued the license since East Seven Mile Road is not a "major thoroughfare" and no other exception to the one-half mile rule applies.[4]

Acho argues that the commission has the authority to continue the license on the ground of manifest injustice. We disagree. As an agency, the commission has no inherent powers and, therefore, any authority must come from the Legislature. *Blue Cross & Blue Shield of Michigan v Insurance Commr's,* 403 Mich 399, 424; 270 NW2d 845 (1978), *reh den* 405 Mich 1001 (1979); *Pharris v Secretary of State,* 117 Mich App 202; 323 NW2d 652 (1982). The commission's plenary power to regulate liquor traffic is subject to statutory restraints. *Mallchok,* 72 Mich App 344. The commission's rules and regulations, promulgated pursuant to the Liquor Control Act, MCL 436.7; MSA 18.977, prohibit the commission from issuing an SDD license in violation of the one-half mile rule. 1979 AC, R 436.1133. None of the exceptions to the rule applied and, thus, the commission had no discretion to waive the rule. Where a liquor license is issued in violation of a statute, it must be revoked. *Gamble v Liquor Control Comm,* 323 Mich 576, 578, 580; 36 NW2d 297 (1949); *Elliott v Liquor Control*

---

[4] In the prior appeal, this Court held that the commission properly interpreted the term "major thoroughfare" as four traffic lanes excluding lanes for parking. *Kassab,* 125 Mich App 457. Thus, Acho's arguments to the contrary are without merit, based on the law of the case doctrine. *CAF Investment Co, supra; Cicelski, supra.* The commission has formally adopted its definition of "major thoroughfare". 1979 AC, R 436.1001.

*Comm,* 339 Mich 78; 62 NW2d 594 (1954). Manifest injustice is not a means by which the commission may avoid legislative mandate as well as its own regulations.

We have reviewed Acho's remaining arguments and find them without merit.

Affirmed.


BRONSON, J. *(dissenting).* I respectfully dissent.

The decision whether Seven Mile Road became a permanent four-lane major thoroughfare is one that must be made by the commission and not the circuit court. It is for the commission to decide, after an appropriate factual hearing, whether the exception to the one-half mile rule was applicable. Therefore, I would remand this case to the commission for further findings of fact.