PHARRIS v SECRETARY OF STATE

Docket No. 56681. Submitted April 13, 1982, at Detroit.—Decided June 10, 1982.

The Secretary of State sent Phillip P. Pharris a notice of re-examination hearing concerning his driving privileges. After the hearing the examiner determined that Pharris was incompetent to drive based solely on his driving record. Pharris had six points and had been convicted three times within the last ten years of driving while impaired. The Secretary of State revoked his license. Pharris appealed to the Macomb Circuit Court, which affirmed, Frank E. Jeanette, J. Pharris appealed. *Held:*

The Legislature has determined the circumstances giving rise to re-examination and revocation for suspension of a person's driving privileges where his past record of driving offenses is the sole consideration. The only discretionary authority granted to the Secretary of State to revoke or suspend on the basis of past convictions is where the person has accumulated 12 or more points within the previous 2 years or where the person has been involved in an accident resulting in the death of a person or 3 accidents involving personal injury or property damage within a 24-month period. The Secretary of State exceeded his authority in revoking Pharris's license for incompetence based solely on his driving record.

Reversed and remanded.

1. ADMINISTRATIVE LAW — APPEAL.

In determining whether an action taken by an administrative agency exceeded the scope of the authority granted to it by the Legislature, a reviewing court must examine the enabling statute to determine whether the action taken is within the matter covered by the statute and, if so, whether it complies

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 620.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic § 115 *et seq.*
Regulations establishing a "point system" as regards suspension or revocation of license of operator motor vehicle. 5 ALR3d 690.

with the underlying legislative intent and whether the agency action is arbitrary and capricious.

2. AUTOMOBILES — LICENSE REVOCATION — PRIOR DRIVING RECORD.

The Legislature has determined the circumstances giving rise to re-examination and revocation or suspension of a person's driving privileges where his past record of driving offenses is the sole consideration; the only discretionary authority granted to the Secretary of State to revoke or suspend on the basis of past convictions is where the person has accumulated 12 or more points within the previous 2 years or where the person has been involved in an accident resulting in the death of a person or 3 accidents involving personal injury or property damage within a 24-month period (MCL 257.320a; MSA 9.2020[1]).

*Law Offices of William J. McGrail, Jr., P.C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert J. Berlin,* Assistant Prosecuting Attorney, for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BEASLEY, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the circuit court denying his petition to set aside an order of the Secretary of State revoking plaintiff's driver's license.

On December 18, 1980, the Secretary of State sent a notice to the plaintiff directing him to appear for a re-examination hearing. The hearing was held on January 6, 1981. It appears that at the time of the hearing plaintiff had accumulated six points on his driving record. In addition, plaintiff had been convicted within the past ten years on three occasions of driving while impaired, in violation of MCL 257.625b; MSA 9.2325(2). The

hearing examiner found the plaintiff incompetent to safely operate a motor vehicle, MCL 257.320; MSA 9.2020. He based his decision entirely on the plaintiff's driving record.

The circuit court upheld that determination. On appeal the plaintiff claims that the Secretary of State was not empowered to revoke his driver's license solely on the basis of his record of past convictions for traffic offenses since he had accumulated only six points pursuant to MCL 257.320a; MSA 9.2020(1) in the two years prior to the hearing. We agree.

An agency has no inherent power. Any authority it has must come from the Legislature. *Blue Cross & Blue Shield of Michigan v Ins Comm'r*, 403 Mich 399, 424; 270 NW2d 845 (1978). In determining whether action taken by an agency exceeds the scope of the authority granted, the court must examine the enabling statute to determine whether the action taken is within the matter covered by the statute and, if so, whether it complies with the underlying legislative intent and whether the agency action is arbitrary and capricious. *Jackson v Secretary of State*, 105 Mich App 132, 137-138; 306 NW2d 422 (1981).

It is clear that the re-examination of a person's license to drive automobiles and the revocation or suspension of the driving privileges of those found to be unfit to drive is a matter covered by the statute. Therefore, the first requirement is met.

In his brief, defendant contends that the Secretary of State's office has published a policy manual setting forth guidelines for the hearing examiners to follow with respect to re-examination of a person they believe to be incompetent. One of those guidelines provides for a finding of incompetence where the person has two alcohol indicators, one

of which has occurred within one year of the hearing. Conviction for impaired driving is listed as an alcohol indicator. Defendant admits that the policy manual has not been promulgated pursuant to the requirements of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Therefore, it is clear that the policy manual is not binding on those outside the agency, MCL 24.243; MSA 3.560(143). However, even assuming that the rules were properly promulgated, that would only support a finding that the hearing examiner's decision was not arbitrary and capricious. Remaining is the issue of whether the action taken complies with the Legislature's intent in enacting the statute.

Section 320(a)(4) provides that the secretary may re-examine and revoke a person's driver's license where the person has accumulated 12 or more points in a 2-year period. MCL 257.320a; MSA 9.2020(1) provides in part:

"(1) The secretary of state, within 10 days after the receipt of a properly prepared abstract from this or another state, shall record the date of conviction, civil infraction determination, or probate court finding and the number of points for each, based on the following formula:

"(a) Manslaughter, negligent homicide, or a felony resulting from the operation of a motor vehicle ................................... 6 points
"(b) Operating a motor vehicle while under the influence of intoxicating liquor or a controlled substance, or a combination of an intoxicating liquor and a controlled substance ..... 6 points
"(c) Failing to stop and disclose identity at the scene of the accident when required by law ........................................... 6 points
"(d) Operating a motor vehicle in a reckless manner ................................... 6 points

"(e) Violation of any law or ordinance pertaining to speeding by exceeding the lawful maximum by more than 15 miles per hour or violation of section 625b or a law or ordinance substantially corresponding to that section ...  4 points

"(f) Fleeing or eluding an officer, or violation of section 626a or a law or ordinance substantially corresponding to that section...........  4 points

"(g) Violation of any law or ordinance pertaining to speed by exceeding the lawful maximum by more than 10 but not more than 15 miles per hour or careless driving in violation of section 626b or a law or ordinance substantially corresponding to that section...........  3 points

"(h) Violation of any law or ordinance pertaining to speed by exceeding the lawful maximum by 10 miles per hour or less ............  2 points

"(i) Disobeying a traffic signal or stop sign, or improper passing .........................  3 points

"(j) All other moving violations pertaining to the operation of motor vehicles reported under this section ...............................  2 points

\*   \*   \*

"(5) If a person has accumulated 9 points as provided in this section, the secretary of state may call the person in for an interview as to the person's driving ability and record after due notice as to time and place of interview. If the person fails to appear as provided in this subsection, the secretary of state shall add 3 points to the person's record.

"(6) If a person is determined to be responsible for a civil infraction for a violation of a law or ordinance pertaining to speed by exceeding the lawful maximum on a street or highway which maximum was reduced by Act No. 28 of the Public Acts of 1974, as amended, then points shall be entered only pursuant to the following:

"(a) Sixty miles per hour to the lawful maximum in effect before being reduced by Act No. 28 of the Public Acts of 1974, as amended ....  1 point

"(b) Exceeding the lawful maximum in effect before being reduced by Act No. 28 of the Public Acts of 1974, as amended, by 10 miles per hour or less............................  2 points

"(c) Exceeding the lawful maximum in effect before being reduced by Act No. 28 of the Public Acts of 1974, as amended, by more than 10 but not more than 15 miles per hour ...... 3 points
"(d) Exceeding the lawful maximum in effect before being reduced by Act No. 28 of the Public Acts of 1974, as amended, by more than 15 miles per hour ........................ 4 points
"(7) Notwithstanding subsection (6), if a person violates a speed restriction established by an executive order issued during a state of energy emergency as provided by Act No. 38 of the Public Acts of 1979, being sections 10.41 to 10.48 of the Michigan Compiled Laws, the secretary of state shall enter points for the violation pursuant to subsection (1)."

In view of the comprehensive scheme the Legislature has employed in providing for the re-examination, suspension, or revocation of a person's license where the issue relates to the "number" of past convictions for traffic offenses, the Secretary of State cannot avoid those provisions by merely labeling a driver with fewer than 12 points as "incompetent".

Similarly, the Secretary of State is not empowered to find a person "incompetent" and thereby revoke his license merely on the basis of the "type" of traffic offense for which he has been convicted. MCL 257.319; MSA 9.2019 provides:

"Sec. 319. The secretary of state shall immediately suspend for a period of not less than 90 days, nor more than 2 years after the expiration of the sentence, not including periods of probation, the license of a person upon receiving a record of the conviction of that person of any of the following crimes, whether the conviction is under a state law or local ordinance:
"(a) Manslaughter or negligent homicide resulting from the operation of a motor vehicle.
"(b) Perjury or the making of a false certification to

the secretary of state under this act or any other law of this state requiring the registration of a motor vehicle or regulating the operation of a motor vehicle on a highway.

"(c) A crime punishable as a felony under a law of this state regulating motor vehicles, or any other felony in the commission of which a motor vehicle was used.

"(d) Conviction upon 3 charges of reckless driving within the preceding 12 months.

"(e) A conviction of a driver of a motor vehicle involved in an accident resulting in the death or injury of another person, upon a charge of failing to stop and disclose his or her identity at the scene of the accident.

"(f) A conviction received outside this state for violation substantially corresponding to section 625."

MCL 257.625(4); MSA 9.2325(4) provides for the mandatory suspension of the license of a person convicted of driving while under the influence of an intoxicating liquor or a controlled substance. Furthermore, the number of points a driver receives upon conviction of a traffic offense varies depending upon the type of offense for which the person is convicted. Therefore, it appears that the Legislature has already determined the circumstances giving rise to re-examination and revocation or suspension of a person's driving privileges where his or her past record of driving offenses is the sole consideration. The only discretionary authority granted to the Secretary of State to revoke or suspend on the basis of past convictions is where the person has accumulated 12 or more points within the previous 2 years (§ 320[1][d]) or where the person has been involved in an accident resulting in the death of a person or 3 accidents involving personal injury or property damage within a 24-month period (§ 320[1][b], [c]). Since the plaintiff does not fit within any of those categories, the Secretary of State was without statutory au-

thority to revoke his license solely on the basis of his past record of convictions for traffic offenses.

The above is not meant to suggest that the Secretary of State may not consider a person's driving record in determining whether the person is "incompetent" to drive a motor vehicle. Clearly, such a consideration is relevant. We merely hold that the Secretary of State may not base a determination of "incompetence" solely with reference to the person's record of past convictions for traffic offenses.

Reversed and remanded.