CRAVEN v DEPARTMENT OF SOCIAL SERVICES

Docket No. 70643. Submitted December 14, 1983, at Lansing.—Decided March 6, 1984.

Claimants, Rick Craven, Kevin Decker, Christina Davenport, and others, are wards of the Probate Court of Shiawassee County who have been placed in the care of the Michigan Department of Social Services. The probate court orders placing the claimants with the department, however, require co-supervision by the department and the probate court. Thus, the probate court involves its own workers in the daily supervision and care of these children. When the department either denied or proposed to terminate Aid to Dependent Children—Foster Care (ADC-F) assistance for the claimants, the claimants requested and received an administrative hearing on the denials and proposed terminations. A hearing referee found the claimants to be ineligible for ADC-F funds. The claimants then filed a petition for review in the Shiawassee Circuit Court. The circuit court, Peter J. Marutiak, J., reversed the decision of the hearing referee. The respondents, the Michigan Department of Social Services and the Director of the Department of Social Services, appeal from the circuit court's ruling. *Held:*

1. The hearing referee's decision was supported by competent, substantial, and material evidence and was not contrary to law. Therefore, the circuit court erred by reversing the referee's decision.

2. The claimants are ineligible for ADC-F because the probate court orders did not provide the Department of Social Services with the sole responsibility for the placement and care of the claimants while in a foster care facility. The statutory language of the Social Security Act, 42 USC 608(a), regarding the conditions of eligibility for ADC-F can only be reasonably interpreted as meaning that the sole responsibility for the placement and care of the claimants must rest with the state

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 688-691.

[2] 79 Am Jur 2d, Welfare Laws § 5.

[3-5] 79 Am Jur 2d, Welfare Laws § 15.

[4] 70 Am Jur 2d, Social Security and Medicare § 6.

agency designated to cooperate with the federal government in the administration of the state plan. As the state agency so designated, the Department of Social Services cannot delegate to other than its own officials its authority for exercising administrative discretion in the administration or supervision of the state plan. The sole or dual supervision by the probate court of a child who is potentially eligible for ADC-F is not acceptable.

Reversed.

SHEPHERD, J., concurred and wrote a separate opinion to emphasize that the dispute in this matter is not between the claimants and the respondents but rather between the probate court and the Department of Social Services.

OPINION OF THE COURT

1. APPEAL — ADMINISTRATIVE LAW — PAUPERS — AID TO DEPENDENT CHILDREN — FOSTER CARE.

The proper standard for review of an administrative decision which denies Aid to Dependent Children—Foster Care assistance is whether the decision is supported by competent, substantial, and material evidence and is not contrary to law (MCL 24.306; MSA 3.560[206]).

2. ADMINISTRATIVE LAW — AID TO DEPENDENT CHILDREN — FOSTER CARE — CODE OF FEDERAL REGULATIONS — UNITED STATES CODE.

The Code of Federal Regulations requires that a state plan for financial assistance under title IV-A of the Social Security Act must provide for the establishment or designation of a single state agency with authority to administer or supervise the administration of the plan; the Michigan Department of Social Services is designated as the state agency to cooperate with the federal government in the administration of the state plan; the Department of Social Services cannot delegate to other than its own officials its authority for exercising administrative discretion in the administration or supervision of the state plan (42 USC 301 et seq.; 45 CFR 205.100[a], subds [1][i], [b][1]; MCL 400.2, 400.10; MSA 16.402, 16.410).

3. ADMINISTRATIVE LAW — AID TO DEPENDENT CHILDREN — FOSTER CARE — SOCIAL SECURITY ACT — DEPARTMENT OF SOCIAL SERVICES — UNITED STATES CODE.

The Department of Social Services assumes the sole responsibility for the placement and care of all cases regarding Aid to Dependent Children—Foster Care assistance pursuant to the

Federal Social Security Act; the sole or dual supervision of a child who is potentially eligible for ADC-F by a probate court is, therefore, not acceptable and will render such child not eligible for ADC-F assistance (42 USC 608[a]; MCL 400.2, 400.10; MSA 16.402, 16.410).

4. ADMINISTRATIVE LAW — SOCIAL SECURITY ACT — FEDERAL INTER-
    PRETATIONS OF ACT.
   A hearing referee, in construing a section of the Federal Social Security Act, should consider an interpretation of the act rendered by the Department of Health and Human Services of the federal government.

### CONCURRENCE BY SHEPHERD, J.

5. ADMINISTRATIVE LAW — PROBATE COURTS — AID TO DEPENDENT
    CHILDREN — FOSTER CARE — CO-SUPERVISION — PARTIES TO
    DISPUTES.
   *A dispute regarding a claimant's eligibility for Aid to Dependent Children—Foster Care assistance where the claimant is a ward of a probate court which has placed the claimant in the care of the Department of Social Services with a probate court order requiring the co-supervision of the claimant by the probate court and the department is a dispute between the probate court and the department, not between the claimant and the department.*

*Harlon Mark,* for claimants.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Janis Meija* and *William K. Basinger,* Assistants Attorney General, for respondents.

Before: J. H. GILLIS, P.J., and SHEPHERD and J. J. KELLEY,* JJ.

PER CURIAM. Respondents appeal as of right from a ruling by the circuit court reversing a decision by a hearing referee for the Department of Social Services Bureau of Administrative Hear-

* Circuit judge, sitting on the Court of Appeals by assignment.

ings that the claimants were ineligible for Aid to
Dependent Children—Foster Care (ADC-F) grants.

Claimants in this action are probate court wards
placed in the care of the Department of Social
Services. The court orders placing these children
with the department, however, require co-supervi-
sion by the department and the probate court.
Pursuant to these orders, the probate court in-
volves its own workers in the daily supervision
and care of these children. The department either
denied or proposed to terminate ADC-F assistance
for claimants who then requested and received an
administrative hearing on the denials and pro-
posed terminations. The hearing referee found
claimants to be ineligible for ADC-F funds. The
claimants then filed a petition for review in the
circuit court which reversed the decision of the
hearing referee. Respondents appeal from the deci-
sion of the circuit court.

On appeal, respondents argue that since the
administrative decision was supported by compe-
tent, substantial, and material evidence and is not
contrary to law, MCL 24.306; MSA 3.560(206); *Soto
v Director of Michigan Dep't of Social Services,* 73
Mich App 263; 251 NW2d 292 (1977), the circuit
court erred by reversing. We agree and reverse the
decision of the circuit court, adopting the following
portions of the decision of the hearing referee as
our own:

"The ADC program is established pursuant to the
Social Security Act [42 USC 301 *et seq.*]. It is imple-
mented by Title 45 of the Code of Federal Regulations
(CFR). ADC-F is administered in Michigan by the DSS
pursuant to MCL 400.10; MSA 16.410 and the depart-
mental guidelines contained in the Services Manual
(SM).

* * *

"The department decided to terminate ADC-F benefits to the claimant in accordance with SM Item B-810, p 1. Specifically, the claimant is ineligible for ADC-F because the probate court order did not provide the DSS with the sole responsibility for the placement and care of the claimant while in a foster care facility. On the other hand, the claimant contends that the reservation of sole or partial authority by the probate court of the responsibility for the placement and care of the probate child is not material in determining the eligibility of a foster child for ADC.

"45 CFR 205.100(a)(1)(i) requires: '[a] state plan for financial assistance under * * * title IV-A * * * of the Social Security Act must: [p]rovide for the establishment or designation of a single state agency with authority to administer or supervise the administration of the plan.' The DSS is designated as the state agency to cooperate with the federal government in the administration of the state plan. MCL 400.2, 400.10; MSA 16.402, 16.410. As the state agency under 45 CFR 205.100(a)(1)(i), the DSS cannot delegate to other than its own officials its authority for exercising administrative discretion in the administration or supervision of the state plan. 45 CFR 205.100(b)(1).

"The conditions of eligibility for ADC-F are set forth in § 608(a) of the Social Security Act, 42 USC 608(a). Further, the eligibility requirements are provided in 45 CFR 233.110 and the state plan adopted by the State of Michigan.

"45 CFR 233.110(a)(1)(iii) requires, in part, the payment of ADC-F for a child:

" 'Whose placement and care are the responsibility of the State agency administering or supervising the administration of the AFDC plan, or, if the State so elects, are the responsibility of any other public agency, or type or types of public agencies specified in the plan, with whom the State agency has a currently effective agreement that provides for development of a plan satisfactory to the State agency for AFDC-FC children * * *.'

"Under the Michigan state plan, the DSS assumes the responsibility for placement and care in all cases.

"The statutory language in § 608(a) of the Social Security Act can only be reasonably interpreted as meaning that the sole responsibility for placement and care of a child must rest with the state agency (DSS). In construing § 608(a)(2)(A) of the Social Security Act, the hearing referee cannot ignore the interpretation rendered by Health and Human Services (HHS). See *Miller v Youakim* [440 US 125, 144; 99 S Ct 957, 969; 59 L Ed 2d 194, 208 (1979)].

"In its letter dated 1-7-80, HHS made it abundantly clear that the sole or dual supervision [by the probate court] of a child who is potentially eligible for ADC-F is not acceptable. A similar interpretation by HHS can be found in the Handbook of Public Assistance, Part IV, § 3452.

"After reviewing the probate court order admitted into evidence, the hearing referee must conclude that the claimant is not eligible for ADC-F. The probate court has failed to vest the sole responsibility for the placement and care of the claimant in the department. Therefore, the department was correct in proposing the termination of the ADC-F to the claimant.

"The hearing referee, based upon the above findings of fact and conclusions of law, decides that the claimant is not eligible for ADC-F."

Reversed.

SHEPHERD, J. *(concurring).* I concur in the result for the reasons stated by the Court but I also wish to emphasize that this is a dispute not between the claimants and the respondents but rather between the probate court and the Department of Social Services. If the claimants are not to receive funds from the Department of Social Services, they will be cared for by county funds. In this case, the county attempted to place the financial burden upon the state while at the same time maintaining control over the care of the children. As indicated in this opinion, they are not permitted to do so.

The probate court and the county could easily have avoided this dispute by either agreeing to pay for the care of the children out of county funds or allowing the Department of Social Services to be responsible for the childrens' care.