PARK v SECRETARY OF STATE

Docket No. 77255. Submitted March 7, 1985, at Lansing.—Decided July 15, 1985.

On September 21, 1982, the Secretary of State sent a notice of investigation and reexamination of Ronald L. Park's license to drive based on his accumulation of 12 or more points within a two-year period to his last known address. Park, who had moved, received notice in early November. A hearing, originally scheduled in October, was reset for December 14, 1982. The hearing date was rescheduled again because of the unavailability of Park's attorney. A hearing was held on January 21, 1983, and the Secretary of State ordered Park's chauffeur's license revoked. The record of accumulated points on Park's driving record was as follows:

| Date of Accumulation | No. of Points |
| --- | --- |
| 7-28-80 | 3 |
| 10-1-80 | 2 |
| 1-30-81 | 4 |
| 6-12-81 | 2 |
| 11-17-81 | 1 |
| 7-27-82 | 2 |
| 10-11-82 | 1 |

Park appealed, and the Bay Circuit Court, William J. Caprathe, J., found that in the 2-year period prior to the July 27, 1982, conviction Park had accumulated 12 or more points and that the notice of hearing he received in early November of 1982 was within a reasonable time after the July conviction. However, the court held the applicable two-year period to be the two-year period prior to the hearing. Thus, the court reversed the order of revocation because the July 28, 1980, 3-point and the October 1, 1980, 2-point convictions fell outside the 2-year period immediately preceding the January 11, 1983, hearing

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Automobiles and Highway Traffic § 112 *et seq.*
Regulations establishing a "point system" as regards suspension or revocation of license of operator of motor vehicle. 5 ALR3d 690.

and the exclusion of these convictions caused Park's record to fall below the 12-point mark. The Secretary of State appealed.
*Held:*

The Secretary of State may conduct an investigation and reexamination of a licensed driver where he has charged against him 12 or more points in any two-year period provided the Secretary acts within a reasonable period of time after the driver's most recent conviction in the two-year period utilized. The Secretary acted within a reasonable time.

Reversed and remanded.

AUTOMOBILES — LICENSE REVOCATION — PRIOR DRIVING RECORD.

The Secretary of State may conduct an investigation and reexamination of a licensed driver where he has charged against him 12 or more points in any two-year period provided the Secretary acts within a reasonable period of time after the driver's most recent conviction in the two-year period utilized; the Secretary of State must send the driver notice of hearing to the driver's last known address within a reasonable period of time after the most current conviction in the two-year period and, to prevent any undue delays in the hearing and subsequent action taken on a driver's license, the Secretary of State must also schedule the hearing within a reasonable period of time after the most current conviction in the two-year period and take reasonably prompt action in restricting, suspending or revoking the driver's license if he decides to do so; in assessing the reasonableness of these periods, a reviewing court should consider, among other things, the days allotted for the abstracting of the conviction by the convicting court, transit time of the abstract from the convicting court to the Secretary of State, the time allotted and necessary for the Secretary of State to process, microfilm and enter the conviction and points on the computer, and any delays in notice and hearing, and to whom these delays are attributable (MCL 257.320, subds [1][d] and [2]; MSA 9.2020, subds [1][d] and [2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt,* Assistant Attorney General, for appellant.

Before: ALLEN, P.J., and GRIBBS and T. GILLESPIE,* JJ.

GRIBBS, J. Appellant, Secretary of State, revoked

* Circuit judge, sitting on the Court of Appeals by assignment.

appellee's, Ronald L. Park's, chauffeur's license after a hearing based upon the accumulation of 12 or more points on his driving record within a 2-year period. MCL 257.320, subds (1)(d) and (2); MSA 9.2020, subds (1)(d) and (2). Park appealed to the circuit court, and the circuit court set aside the Secretary of State's order of revocation, finding that the 2-year period used by the Secretary of State was inappropriate. The Secretary of State appeals as of right. We reverse.

A better understanding of the issue at bar is facilitated by a review of the procedures whereby the Secretary of State records and tabulates the number of points on a driver's record. Within 15 days after a driver's conviction for a moving violation, the magistrate or clerk of the convicting court must prepare and immediately forward an abstract of the record to the Secretary of State. MCL 257.732(2); MSA 9.2432(2). Within 10 days after receiving the abstract, the Secretary of State must record the date of conviction and the number of points assessed by the Legislature for the conviction. MCL 257.320a(1); MSA 9.2020(1)(1). The Secretary of State does so by microfilming the abstract and recording the data on a computer. When a new conviction and points are entered on the computer, the computer scans the 2-year period preceding the date of the newly-entered conviction and flags a record which totals 12 or more points in that period. Thus, only the points accumulated in the preceding 2-year period from the most current conviction entered are utilized by the Secretary of State in tabulating the points on a driver's record. If 12 or more points are charged against a driver within a 2-year period, the Secretary of State, within its discretion, may conduct an investigation and require a reexamination of that driver, and may, upon good cause, restrict, suspend

or revoke the driver's license. MCL 257.320, subds (1)(d) and (2); MSA 9.2020, subds (1)(d) and (2).

In the case at bar, the convictions and points on Park's driving record for the relevant period were as follows:

| Park's Convictions | Date on Abstract Prepared by Court | Date Abstract Microfilmed | No. of Points |
|---|---|---|---|
| 7-28-80 | 8-18-80 | 8-24-80 | 3 |
| 10-1-80 | 10-20-80 | 10-26-80 | 2 |
| 1-30-81 | 2-4-81 | 2-8-81 | 4 |
| 6-12-81 | 6-15-81 | 6-28-81 | 2 |
| 11-17-81 | 11-18-81 | 1-19-82 | 1 |
| 7-27-82 | 7-29-82 | 8-15-82 | 2 |
| [10-11-82][1] | * | * | [1] |

Although Park had already accumulated 12 points in a 2-year period upon his conviction on November 17, 1981, the computer apparently failed to refer his driving record as one which had hit the 12-or-more point limit. However, on August 24, 1982, 9 days after the microfilming of Park's subsequent 2-point conviction on July 27, 1982, the computer referred his driving record for review by the Secretary of State's Bureau of Driver Improvement. In reviewing his record for point accumulation, the Secretary of State utilized the 2-year period preceding the 2-point July 27, 1982, conviction which included the July 28, 1980, 3-point conviction and yielded a total of 14 points within a 2-year period.

[1] The October 11, 1982, conviction was noted in Park's brief filed in circuit court. It was not the triggering conviction for the Secretary of State's notice of a driver improvement hearing originally issued to Park on September 21, 1982. (* Data not in record on appeal.)

On September 21, 1982, the Secretary of State, pursuant to MCL 257.320(3); MSA 9.2020(3), sent to Park's last known address notice of a driver improvement hearing scheduled on October 14, 1982, because of his acquisition of 12 or more points within a 2-year period. On September 27, 1982, the Bureau of Driver improvement discussed the case with Park on the telephone and was notified that Park had moved.[2] Apparently he received a notice of hearing sometime early in November, and on November 17, 1982, the hearing was rescheduled for December 14, 1982. The hearing date was again rescheduled because of the unavailability of Park's attorney. The hearing was finally held on January 21, 1983, at which time the Secretary of State issued on order, effective January 22, 1983, revoking Park's chauffeur's license.

On appeal to the circuit court, Park argued that the Secretary of State could not consider the 2-year period between July 27, 1982, and July 28, 1980, but was required to consider the 2-year period immediately preceding his receipt of notice in November of 1982. In November of 1982, the points charged against him within the preceding 2-year period, including the October 11, 1982, 1-point conviction (which was not within the 2-year period considered by the Secretary of State) would have totaled only 10 points.

In the alternative, Park argued that the 2-year period preceding the 1-point November 17, 1981, conviction (at which time he first accumulated 12 points) should be considered as the applicable 2-year period. Using this alternative 2-year period, Park argued that neither the notice he received in

---

[2] It is not clear from the record whether or not Park had complied with MCL 257.315; MSA 9.2015 which requires a driver to notify the Secretary of State of a change of address.

early November of 1982, nor the hearing on January 21, 1983, was within a reasonable time after the November 17, 1981, conviction.

On appeal to the circuit court the Secretary of State argued that the applicable 2-year period was the period from July 28, 1980, through July 27, 1982, at which time Park had accumulated a total of 14 points—*i.e.* 12 *or more* points. The Secretary of State also contended that it acted within a reasonable time in revoking Park's chauffeur's license. The triggering conviction which defined the end of the 2-year period considered by the Secretary of State occurred on July 27, 1982. Notice was first sent to Park on September 21, 1982, scheduling an October hearing date. Apparently the Bureau of Driver Improvement was in contact with Park regarding the case on September 27, 1982, but he did not receive notice until early November, 1982, due to an incorrect address. The hearing was rescheduled for December and again rescheduled for January 21, 1983, in order to accommodate Park's attorney. Park's license was revoked the next day. On these facts, the Secretary of State argued that it took action against Park within a reasonable amount of time after the July 27, 1982, conviction.

The circuit court found that in the 2-year period prior to the July 27, 1982, conviction Park had accumulated 12 or more points and that the notice of hearing he received in early November of 1982 was within a reasonable time after the July conviction. However, the court found this Court's decision in *Pharris v Secretary of State,* 117 Mich App 202; 323 NW2d 652 (1982), and its reference to the 2-year period as the "two years prior to the hearing" controlling as to the definition of the 2-year period. *Pharris, supra,* p 204. Relying on *Pharris,* the court reluctantly reversed the order

of revocation because the July 28, 1980, 3-point and the October 1, 1980, 2-point convictions fell outside the 2-year period immediately preceding the January 21, 1983, hearing and the exclusion of these convictions caused Park's record to fall below the 12-point mark. We disagree with the circuit court's reliance on *Pharris* and find it does not control the case at bar.

In *Pharris,* this Court held that the Secretary of State was not empowered to revoke a person's license by merely labeling a driver with fewer than 12 points as "incompetent". *Pharris, supra,* p 207. In looking at Pharris's driving record, the Court referred to the 2-year period as the "two years prior to the hearing" and "the previous 2 years". *Pharris, supra,* pp 204, 208. However, unlike in the case at bar, in *Pharris,* the definition of the 2-year period was not at issue. There was no indication in *Pharris* that computing the preceding 2-year period from the date of the hearing rather than from an earlier date, such as the date of conviction or notice, had any bearing on the total number of points accumulated by the driver in the 2-year period. With only these brief references in *Pharris* to the 2-year time period, and no indication that such a definition of the 2-year period was dispositive, we find that *Pharris* does not provide authority for the proposition that the 2-year period within which 12 points must be accumulated must be the 2-year period immediately preceding the hearing date.

We hold that the 2-year period in which the accumulated points on a driver's record lead to the investigation or reexamination of a driver and to any subsequent action taken with respect to the driver's license is not restricted to the 2-year period immediately preceding either the date of hearing or the date of the sending or receipt of

notice. The language of the relevant statute does not so limit the 2-year period:

"(1) The secretary of state after notice as provided in this section may conduct an investigation and reexamintion of a person, based upon 1 or more of the following:

\* \* \*

"(d) The person has charged against him or her *a total of 12 or more points* as provided in section 320a *within a period of 2 years."* (Emphasis added.) MCL 257.320; MSA 9.2020.

Since no restrictions are placed on the 2-year period to be considered by the Secretary of State, MCL 257.320; MSA 9.2020 could be read to permit the use of *any* 2-year period. Recognizing that the use of *any* 2-year period may present due process problems, the Secretary of State concedes to the imposition of a reasonable time limit on notice, investigation or reexamination of a driver, and the restriction, suspension or revocation of his license.[3]

[3] Although the Secretary of State articulates this limitation as being a requirement that the reexamination or revocation be within a reasonable period of time after the accumulation of 12 or more points, this particular wording could be misconstrued to require the Secretary of State to take action immediately after 12 or more points are *first* accumulated as, for example, on November 17, 1981, rather than July 27, 1982, in the case at bar. This would preclude the Secretary of State from examining and revoking a driver's license whenever it did not take immediate action after the *initial* accumulation of 12 or more points. For instance, if in January of 1980, a driver had accumulated 12 or 13 points, and accumulated another 11 points in December of 1981, and the Secretary of State did not take any action on the basis of the driver's record until December of 1981, the Secretary of State could be precluded from utilizing the driver's 23- or 24-point record in a 2-year period. We do not think the Secretary of State should so be limited.

The Secretary of State has discretion as to whether or not to investigate and reexamine a driver and subsequently restrict, suspend or revoke his license for the accumulation of 12 *or more* points in a period of 2 years. MCL 257.320, subds (1)(d) and (2); MSA 9.2020, subds (1)(d) and (2). It may decline to use this discretion in the first instance of accumulation of at least 12 points but may choose to exercise it after the accumulation of additional points.

We agree that a reasonable time limit should be imposed and hold that in investigating or reexamining a driver based on excessive point accumulation of the Secretary of State must act within a reasonable period of time after a driver's most recent conviction in the 2-year period utilized by the Secretary of State. The Secretary of State must send the driver notice of hearing to the driver's last known address within a reasonable period of time after the most current conviction in the 2-year period utilized by the Secretary of State. To prevent any undue delays in the hearing and subsequent action taken on a driver's license, we further hold that the Secretary of State must also schedule the hearing within a reasonable period of time after the most current conviction in the 2-year period and take reasonably prompt action in restricting, suspending or revoking the driver's license if it decides to do so.[4] In assessing the reasonableness of these periods, the reviewing court should consider the days allotted for the abstracting of the conviction by the convicting court, transit time of the abstract from the convicting court to the Secretary of State, the time allotted and necessary for the Secretary fo State to process, microfilm and enter the conviction and points on the computer, and any delays in notice and hearing, and to whom these delays are attributable.[5]

In the case at bar, a 2-year period in which Park accumulated 12 *or more* points was the period considered by the Secretary of State, July 28, 1980,

[4] We reemphasize that the Secretary of State must act within a reasonable period of time after *the most current conviction in the 2-year period* utilized by the Secretary of State as the 12 or more point 2-year period, not after the most current conviction on the driver's record.

[5] This is not an exhaustive list and the court may consider any other factors it deems relevant.

through July 27, 1982. After the convicting court abstracted the triggering July 27, 1982, conviction and the abstract was received, microfilmed and entered into the Secretary of State's computer, notice was issued and sent to Park's last known address on September 21, 1982, initially scheduling a hearing for October 14, 1982. Park and the Bureau of Driver Improvement were in contact on September 27, 1982, but apparently written notice was not received by Park until early November of 1982. On these facts, even assuming that the incorrect address was attributable to the Secretary of State and that the September 27, 1982, contact with Park did not constitute notice, we agree with the circuit court's determination that the 3-month period between Park's most current conviction (July 27, 1982) in the 2-year period utilized by the Secretary of State and receipt of notice by him in early November of 1982 was a reasonable period of time. Furthermore, the delayed scheduling of the hearing in January of 1983, especially in light of the fact that it was rescheduled for Park's convenience, was not unreasonable, and the Secretary of State acted promptly in revoking his license after the hearing.

Thus we reverse the circuit court and remand for reinstatement of the Secretary of State's order of revocation of Park's chauffeur's license.

Reversed and remanded.