POWERS v DEPARTMENT OF SOCIAL SERVICES

Docket No. 110336. Submitted April 18, 1989, at Detroit. Decided
    August 9, 1989.

The Michigan Department of Social Services, through its own
    error, mistakenly overpaid Natalie L. Powers $1,756 in benefits
    under the Aid to Families with Dependent Children program.
    The department sought reimbursement of the overpayment,
    and the claimant demanded an administrative hearing. Follow-
    ing the hearing, the hearing referee concluded that the depart-
    ment was entitled to recoupment. Claimant sought review of
    the referee's decision in Wayne Circuit Court. During the
    pendency of the appeal to circuit court, claimant became em-
    ployed and no longer continued to receive AFDC benefits. The
    circuit court, Marvin R. Stempian, J., based on the equities of
    the case, set aside the referee's decision. The department
    appealed.

The Court of Appeals *held:*

Pursuant to the federal regulations under which the AFDC
    program is administered, the referee properly entered the order
    of recoupment. Accordingly, it was error for the circuit court to
    set aside the referee's recoupment order. However, since the
    claimant is no longer receiving AFDC benefits, the referee's
    order is no longer of any force and effect. An order of recoup-
    ment has legal effect only when the person who received the
    overpayment is a recipient under the program.

Reversed.

Social Services — Aid to Families with Dependent Children —
    Overpayment — Recoupment.

A referee with the Department of Social Services may order the
    recoupment from a recipient of amounts which the department
    had overpaid under the federally-funded Aid to Families with
    Dependent Children program; however, such order of recoup-
    ment has legal effect only when the person who received the

References

Am Jur 2d, Welfare Laws §§ 6 *et seq.*

See the Index to Annotations under Aid to Families With Depen-
dent Children.

overpayment continues to be a recipient under that program (45 CFR 233.20[a][13][A]).

Natalie L. Powers, in propria persona, for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James P. Delaney,* Assistant Attorney General, for respondent.

Before: DOCTOROFF, P.J., and MAHER and REILLY, JJ.

PER CURIAM. Through its own error, respondent, Michigan Department of Social Services, mistakenly overpaid claimant $1,756 in Aid to Families with Dependent Children benefits. Thereafter, a hearing referee concluded that the DSS was entitled to recoup the overpayment pursuant to departmental policies promulgated under federal authority. See 42 USC 602(a)(22); 45 CFR 233.20(a)(13). This decision was predicated on a finding that claimant was then still receiving AFDC benefits. However, by the time of claimant's subsequent appeal in circuit court, claimant was no longer receiving such benefits. Based on the equities of the case, the circuit court set aside the referee's decision. The DSS now appeals as of right. We reverse.

A circuit court should affirm an administrative decision if it is supported by competent, material and substantial evidence and is not contrary to law. MCL 24.306; MSA 3.560(206); *Craven v Dep't of Social Services,* 132 Mich App 673, 676; 347 NW2d 782 (1984). We review administrative decisions in the same manner as the circuit court. *Felton v Dep't of Social Services,* 161 Mich App 690, 694; 411 NW2d 829 (1987); *Reed v Hurley*

*Medical Center,* 153 Mich App 71, 75; 395 NW2d 12 (1986).

In the instant case, claimant was receiving AFDC benefits at the time the hearing referee considered whether the DSS was entitled to recoupment. Pursuant to federal regulations regarding the administration of the AFDC program, the DSS is not only authorized to recoup overpayments from current recipients by deducting incremental amounts from future benefits, but is specifically directed to do so as a condition of participating in the program. Pursuant to 45 CFR 233.20(a)(13)(A):

> The State must take all reasonable steps necessary to promptly correct any overpayment.
> (1) Any recovery of an overpayment to a current assistance unit, including a current assistance unit or recipient whose overpayment occurred during a prior period of eligibility, must be recovered through repayment (in part or in full) by the individual responsible for the overpayment or recovering the overpayment by reducing the amount of any aid payable to the assistance unit of which he or she is a member, or both.

Consequently, we find that the referee's decision permitting the DSS to recoup overpayments from the claimant, while she was a recipient, was supported by competent evidence and was consistent with law. Thus, the circuit court's order setting aside the referee's decision is reversed.

However, we write further to emphasize the limited effect of our holding in this case. Specifically, we note that while the DSS is authorized under federal regulations to recoup overpayments tendered to current AFDC recipients, the DSS is not similarly authorized with respect to persons no longer receiving such benefits. In the latter circumstance, federal regulations merely direct that

"recovery shall be made by appropriate action under State law." 45 CFR 233.20(a)(13)(B). In the instant case, the DSS has failed to refer to any state law which would permit recoupment from persons no longer receiving AFDC benefits. Although the DSS asserts that such action is authorized by policies contained in an internal DSS administrative manual, the DSS concedes that these policies are not "rules" promulgated under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* We note that administrative policies not promulgated under the rule-making provisions of the APA are "without legal authority or effect under Michigan law." *Coalition for Human Rights v Dep't of Social Services,* 431 Mich 172, 190; 428 NW2d 335 (1988); see also *Pharris v Secretary of State,* 117 Mich App 202, 205; 323 NW2d 652 (1982) (policy manual not binding on persons not subject to agency's jurisdiction). Although these policies may be followed when the DSS is seeking to recoup from current recipients, because the DSS is specifically authorized to effect such recoupment under federal law, see 45 CFR 233.20(a)(13)(A), these policies may not be utilized to recoup from former recipients because there is no similar authority, federal or state, permitting such use.

Thus, although we reverse the circuit court's decision and reinstate the ruling of the DSS referee, the application of that ruling is limited to that period during which claimant was a DSS recipient. Although the DSS could have properly recouped its overpayment from claimant when she was an AFDC recipient, the DSS has failed to establish that they were authorized to recoup that overpayment when claimant was no longer a recipient.

Reversed.