MANCINI v SECRETARY OF STATE

Docket No. 143684. Submitted December 7, 1993, at Detroit. Decided February 8, 1994, at 9:35 A.M.

Kenneth J. Mancini petitioned the Wayne Circuit Court for review of the suspension of his driver's license by the Secretary of State. The suspension was based on the petitioner's accumulation of twelve or more points on his driving record within a two-year period. MCL 257.320(1)(d); MSA 9.2020(1)(d). Some of the points had served as the basis for an earlier suspension. The court, Helene N. White, J., denied the petition and a motion for rehearing, rejecting the petitioner's contention that the same points cannot serve as the basis for multiple suspensions pursuant to § 320(1)(d) and that § 320(1)(d) is unconstitutionally vague because it does not provide notice that multiple suspensions may be based in part on the same points. The petitioner appealed.

The Court of Appeals *held:*

1. Section 320(1)(d) clearly and unambiguously provides that the Secretary of State may reexamine a person on the basis of the accumulation of twelve or more points within a two-year period. There is nothing in the statutory language to prohibit a license suspension that is based in part on points that were used for a prior suspension.

2. Section 320(1)(d) is not unconstitutionally vague in providing that the accumulation of twelve or more points within a two-year period can result in reexamination. It would be absurd to allow a driver with an unsatisfactory record such as the petitioner's to accumulate an additional twelve points following a suspension before the Secretary of State could take action to protect the public.

Affirmed.

AUTOMOBILES — DRIVER'S LICENSES — TWELVE OR MORE POINTS — MULTIPLE SUSPENSIONS.

Suspension by the Secretary of State of a driver's license for the

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 118.

Regulations establishing a "point system" as regards suspension or revocation of license of operator of motor vehicle. 5 ALR3d 690.

accumulation within a two-year period of twelve or more points on a driving record may be based on points some of which have served as the basis of a prior suspension (MCL 257.320[1][d]; MSA 9.2020[1][d]).

*John M. Shureb,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Mary Louise Pridmore,* Assistant Attorney General, for the respondent.

Before: CAVANAGH, P.J., and BRENNAN and R. A. BENSON,* JJ.

PER CURIAM. Petitioner, Kenneth Joseph Mancini, appeals as of right from the circuit court's orders denying his appeal from his driver's license suspension and his motion for rehearing. We affirm.

Petitioner's driver's license was suspended in 1989 pursuant to § 320(1)(d) of the Vehicle Code, MCL 257.1 *et seq.*; MSA 9.1801 *et seq.,* for accumulating twelve or more points within two years. In June 1990, petitioner committed another moving violation and incurred three more points. Those points, when added to others incurred in the preceding two years, some of which had formed the basis of the earlier suspension, totaled more than twelve points. Petitioner's license was again suspended, this time pursuant to § 320(1)(a) and (d). Petitioner petitioned the circuit court for review of the suspension. The court denied the petition and denied a motion for rehearing. This appeal followed.

The issues on appeal are whether respondent Secretary of State may utilize some of the same

---

* Circuit judge, sitting on the Court of Appeals by assignment.

points to suspend a license more than once, and whether § 320(1)(d) is unconstitutionally vague.

Section 320 provides in part as follows:

(1) The secretary of state after notice as provided in this section may conduct an investigation and reexamination of a person, based upon 1 or more of the following:

\* \* \*

(d) The person has charged against him or her a total of 12 or more points as provided in section 320a within a period of 2 years. [MCL 257.320; MSA 9.2020.]

The primary objective of statutory interpretation is to determine and give effect to the intent of the Legislature. *Great Lakes Sales, Inc v State Tax Comm*, 194 Mich App 271, 275; 486 NW2d 367 (1992). Where the statutory meaning is clear and unambiguous, judicial construction or interpretation is precluded. *Id.* at 276.

The statutory language quoted above is clear and does not require judicial interpretation. It provides that respondent may reexamine a person on the basis of the accumulation of twelve or more points within a two-year period. Common sense dictates that respondent may not base more than one suspension upon exactly the same set of points. Moreover, respondent must act within a reasonable period after a driver's most recent conviction in the two-year period relied on. *Park v Secretary of State*, 144 Mich App 227, 235; 375 NW2d 747 (1985). However, there is nothing in the statutory language to prohibit a license suspension based in part on points that were used for a prior suspension.

We therefore conclude that the statute permits the Secretary of State to suspend a person's driv-

er's license on the basis of points some of which have formed the basis of an earlier suspension.

In his second issue, petitioner contends that § 320(1)(d) is unconstitutionally vague because it does not provide notice to a person of common intelligence that multiple suspensions may be based in part upon the same points.

Giving the words of § 320(1)(d) their plain and ordinary meaning, the statute is not unconstitutionally vague. *Doe v Attorney General,* 194 Mich App 432, 440; 487 NW2d 484 (1992). It clearly provides that the accumulation of twelve or more points within a two-year period can result in reexamination. The statute says nothing about giving a person a clean slate following a suspension. It would be absurd to allow a driver with an unsatisfactory record such as petitioner's to accumulate an additional twelve points following a suspension before taking action to protect the public.

Accordingly, the statute withstands constitutional scrutiny.

We need not reach petitioner's claim that his license should not have been suspended on the second occasion pursuant to § 320(1)(a) (incompetence) in light of our determination that the suspension was proper pursuant to § 320(1)(d).

Affirmed.