OAKLAND COUNTY PROBATE COURT v DEPARTMENT OF
SOCIAL SERVICES

Docket No. 157569. Submitted October 19, 1994, at Lansing. Decided
February 21, 1995, at 9:30 A.M.

The Oakland County Probate Court petitioned the Oakland Circuit Court for a review of a hearing referee's decision that a child that the probate court had taken jurisdiction over and had ordered to be placed with the respondent Department of Social Services at either one of two specific foster care centers was not eligible for federal Aid to Dependent Children-Foster Care (ADC-F) benefits. The court, Gene Schnelz, J., reversed the referee's ruling, finding that the federal statutory scheme did not require exclusive control by the DSS over the child's placement in order to allow ADC-F benefits to be applied to the child. The DSS appealed, arguing that the federal statutes required it to have the sole responsibility for both the placement and the care of the child in order for the federal money to be applied to the child.

The Court of Appeals *held:*

In order for ADC-F benefits to apply to a foster child's placement and care, the probate court must make a ruling placing the child in the custody of the DSS, but the order must leave the DSS with the sole responsibility for both the placement and the care of the foster child.

2. The DSS' sole responsibility with respect to placement and care does not interfere with a probate court's case overview responsibility under 42 USC 675(5)(C).

3. The referee's decision was supported by competent, material, and substantial evidence and is not contrary to law. The circuit court's order must be reversed and the referee's ruling must be reinstated.

Reversed.

SOCIAL SERVICES — AID TO DEPENDENT CHILDREN-FOSTER CARE —
DEPARTMENT OF SOCIAL SERVICES.

The Department of Social Services must have the sole responsibil-

REFERENCES

Am Jur 2d, Welfare Laws § 25.

See ALR Index under Foster Children.

ity for both the placement and the care of a child who is potentially eligible for federal Aid to Dependent Children-Foster Care assistance before the child may be found eligible for such assistance; a child is not eligible for such assistance where a probate court order places the child in the custody of the DSS but does not leave the DSS with the sole responsibility for both the placement and the care of the child (42 USC 672[a]).

*William P. Bartlam,* Probate Counsel, for the Oakland County Probate Court.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Robert S. Welliver,* Assistant Attorney General, for the Department of Social Services.

Before: NEFF, P.J., and MARILYN KELLY and P. R. JOSLYN,* JJ.

NEFF, P.J. Respondent Department of Social Services appeals as of right the circuit court's order determining that federal Aid to Dependent Children-Foster Care (ADC-F) benefits could be applied to a foster child's care even where the probate court assumed responsibility for the placement of the child. We reverse.

I

A

Petitioner Oakland County Probate Court argues that it may order the placement of children in specific foster care facilities without jeopardizing the children's ADC-F benefits. The DSS disagrees, arguing that, under the relevant federal statutes, it must have the sole responsibility for placement and care of the children in order for the federal money to apply.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

B

After taking jurisdiction over the child in the underlying action, the Oakland County Probate Court ordered the child to be placed with the DSS at either one of two specific foster care centers. Because of the specificity of this order, the DSS then informed the probate court that the child was not eligible for ADC-F benefits.

The Oakland County Probate Court appealed this determination to the Social Services Bureau of Administrative Hearings pursuant to MCL 400.9; MSA 16.409 and MCL 400.37; MSA 16.437. The hearing referee determined that the child was not eligible for the federal benefits.[1] The Oakland County Probate Court appealed that decision by petitioning the circuit court for review.

The circuit court reversed the administrative ruling, determining that the federal statutory scheme did not require exclusive control by the DSS over placement in order to allow ADC-F benefits to be applied to foster children.

II

Our standard of review of administrative decisions is the same as that of the circuit court. *Powers v Dep't of Social Services,* 179 Mich App 416; 446 NW2d 505 (1989). We conduct that review to determine whether the administrative decision was supported by competent, material, and substantial evidence and whether it was contrary to law. *Id.*

---

[1] As noted in Judge SHEPHERD's concurring opinion in *Craven v Dep't of Social Services,* 132 Mich App 673, 678-679; 347 NW2d 782 (1984), this dispute has to do with which entity, the DSS or the county, will pay the benefits, not whether the child will be denied benefits. The question revolves around where the financial burden will fall, depending on which entity has control over the services provided to the child.

### A

The federal government has provided, in 42 USC 672, eligibility standards for determining when ADC-F benefits may be awarded. That statute provides, in part:

> (a) Each State with a plan approved under this part shall make foster care maintenance payments (as defined in section 675(4) of this title) under this part with respect to a child who would meet the requirements of section 606(a) of this title or of section 607 of this title but for his removal from the home of a relative (specified in section 606(a) of this title), if
>
> (1) the removal . . . was the result of a judicial determination to the effect that continuation therein would be contrary to the welfare of such child . . . ;
>
> (2) such child's *placement and care are the responsibility of (A) the State agency administering the State plan* . . . . [Emphasis added.]

### B

This Court dealt with similar issues, and construed similar rules, in *Craven v Dep't of Social Services,* 132 Mich App 673; 347 NW2d 782 (1984). In *Craven,* the probate court issued various orders requiring cosupervision between the probate court and the DSS with respect to the care of certain foster children. In holding that ADC-F benefits would not apply to these children, this Court determined that the relevant federal statutes and rules "can only be reasonably interpreted as meaning that the sole responsibility for placement and care of a child must rest with the state agency (DSS)." *Id.* at 678.

We agree with this Court's reasoning in *Craven.*

The federal statute clearly draws the lines of authority. We hold that in order for ADC-F benefits to apply to a foster child's placement and care, the probate court must make a ruling placing the child in the custody of the DSS, but the order must leave the DSS with the sole responsibility for the placement and care of the foster child. 42 USC 672(a).

In relying on *Craven,* we disagree with the Oakland County Probate Court's argument that *Craven* can be distinguished on the basis that it dealt with the care of the child as opposed to the placement of the child. Both the statute and *Craven* speak in terms of the "child's placement *and* care," and we find no basis to separate the two issues. See 42 USC 672(a)(2); *Craven, supra* at 678. The DSS loses sole authority when either its power to place a child or its power to care for a child, or both, is restricted.

C

We also conclude that the DSS' sole responsibility with respect to placement and care does not interfere with a probate court's case overview responsibility under 42 USC 675(5)(C). Again, a probate court's responsibility is limited to making the general determination of whether the child is to stay within the system. The DSS, on the other hand, is responsible for determining where the care is to be given and the nature of that care.

D

Because we conclude the administrative decision was supported by competent, material, and substantial evidence and is not contrary to law, we

reverse the circuit court's order granting petitioner's requested relief and reinstate the hearing referee's ruling. See *Powers, supra* at 419.

Reversed.