DAVIS, J.
Defendants appeal a Court of Appeals judgment affirming the trial court’s grant of summary disposition in favor of plaintiff, which enjoined defendants from revoking plaintiffs resident insurance producer[1] license. We affirm.
The issues in this case are (1) whether in 2004 the Commissioner of the Office of Financial and Insurance Services[2] was required by statute to deny plaintiffs *211 application for a resident insurance producer license on the basis of plaintiffs fully disclosed prior felony conviction, (2) whether the commissioner is now required by statute to affirmatively revoke plaintiffs license on the basis of the same prior felony, and (3) whether the commissioner is now permitted to revoke plaintiffs license on the basis of the same prior felony. We answer all three questions in the negative.
I. FACTS AND PROCEEDINGS
In 2000, plaintiff was convicted of operating a motor vehicle, under the influence of liquor (OUIL), a felony. MCL 257.625. In 2004, he applied to the Michigan Office of Financial and Insurance Services (OFIS)[3] for a resident insurance producer license. Plaintiff fully disclosed his conviction. Plaintiff applied for a waiver pursuant to 18 USC 1033.[4] The director of OFIS’s licensing division sent plaintiff a letter that read in part:
Please be apprised that pursuant to 18 U.S.C. Section 1033 and 1034, specifically Section 1033(3)(2), permission to engage in the business of insurance is hereby granted to you by the Commissioner of the Office of Financial and Insurance Services under this federal statute in response to your application for such waiver. OFIS reviewed your 3rd OUIL felony conviction.
*212 Please note that it is highly recommended that this letter be safeguarded and kept together with your license as proof of this waiver under 18 U.S.C. 1033/1034 in case your record and/or ability to engage in the business of insurance is ever challenged by someone in the industry, state government, or federal government.
Thus, defendants unquestionably had been made aware of plaintiffs felony. The commissioner granted plaintiffs license.
Plaintiff then pursued a career as an insurance agent for a number of years. In the meantime, he has not been convicted of any other felonies or provided any new grounds for revocation of his license that we are aware of. In 2008, defendants began proceedings to revoke plaintiffs license, and plaintiff initiated the instant suit. The gravamen of defendants’ argument is that a change to the Insurance Code in 2002 had required the commissioner to deny plaintiffs application, that failing to do so was a mistake, and that the current provisions of the Insurance Code require the commissioner to correct that mistake. The trial court ruled that even if the commissioner had made a mistake in granting plaintiffs license, equity precluded defendants from revoking it now, and the Court of Appeals affirmed.
II. STANDARD OF REVIEW
The trial court’s decision on a motion for summary disposition is reviewed de novo. Coblentz v City of Novi, 475 Mich 558, 567; 719 NW2d 73 (2006). This Court reviews de novo questions of statutory interpretation. Id. The trial court’s exercise of its equitable authority is discretionary within the confines of equity jurisprudence and the facts of the particular case, Youngs v West, 317 Mich 538, 545; 27 NW2d 88 (1947), and this Court reviews a trial court’s grant of injunctive relief *213 for an abuse of that discretion, Pontiac Fire Fighters Union Local 376 v City of Pontiac, 482 Mich 1, 8; 753 NW2d 595 (2008). The trial court’s findings of fact are reviewed for clear error. Beason v Beason, 435 Mich 791, 801-803; 460 NW2d 207 (1990), citing MCR 2.613(C).
III. THE INSURANCE CODE
A. INSURANCE CODE LICENSURE PROVISIONS IN 2004
Before 2002, the Insurance Code’s licensure provisions had required applicants to have “good moral character.” See former MCL 500.1204(4), as amended by 1986 PA 173. It remains the law today that no licensing agency may make a finding as to an applicant’s moral character on the sole basis of a criminal conviction. MCL 338.42. It also remains the law that “[o]rders, decisions, findings, rulings, determinations, opinions, actions, and inactions of the commissioner in [the Insurance Code] shall be made or reached in the reasonable exercise of discretion.” MCL 500.205.
The “good moral character” requirement in the Insurance Code’s licensure provisions was replaced by 2001 PA 228. When plaintiff applied for his license, MCL 500.1205(l)(b) provided that an application “shall not be approved” if the applicant had “committed any act that is a ground for denial, suspension, or revocation under [MCL 500.1239].” While this seems mandatory when read in isolation, MCL 500.1239(1) provided that “the commissioner may place on probation, suspend, revoke, or refuse to issue” a license for a list of possible reasons, including an applicant’s “having been convicted of a felony.” MCL 500.1239(l)(f) (emphasis added). Consistent with MCL 500.205, the licensure requirement mandates that the commissioner make a discretionary judgment call when reviewing an applica *214 tion and deny the application if he or she concludes — in the exercise of that discretion — that denial, suspension, or revocation would be appropriate.
In other words, 2001 PA 228 replaced the ambiguous judgment call of “good moral character” with a more rigorously defined judgment call that entailed consideration of enumerated scenarios under which adverse action may be found appropriate. When the applicable versions of MCL 500.1205, MCL 500.1239, and MCL 500.205 are read together, they set forth a licensure procedure that requires the commissioner to exercise judgment within a framework, rather than exercising judgment in a more nebulous environment. We reject defendants’ contention that the Insurance Code in effect in 2004 required the commissioner to deny plaintiffs application. The Insurance Code did not, and the commissioner’s exercise of discretion in granting plaintiff a license was therefore permissible.
We recognize that shortly before plaintiff applied for his license, the commissioner rendered a decision[5] concluding that 2001 PA 228 removed the discretion to permit felons to receive licenses. An agency’s interpretation of a statute is entitled to deference, but generally only if that interpretation has been relied on for a long time, and in any event no such interpretation may overcome the plain meaning of the statute itself. Ludington Serv Corp v Acting Ins Comm’r, 444 Mich 481, 505 & n 35; 511 NW2d 661 (1994). Defendants acknowledge that this unpublished decision has not been extensively relied on or applied consistently, and our review of the record indicates that the opinion was not even widely circulated internally. Furthermore, it was clearly *215 not relied on when the commissioner considered plaintiffs application and granted his license. Finally, the decision was incorrect.
Therefore, we answer the first question, whether in 2004 the commissioner had been required by statute to deny plaintiffs application, in the negative.
B. INSURANCE CODE LICENSURE PROVISIONS IN 2008 AND TODAY
Subsequently, 2008 PA 422 and 2008 PA 423 amended MCL 500.1205 and MCL 500.1239. MCL 500.1205 now provides in relevant part that “[a]n application for a resident insurer [sic] producer license shall not be approved unless the commissioner finds that the individual. .. [h]as not committed any act listed in [MCL 500.1239(1)].” And MCL 500.1239(l)(f) provides that “the commissioner shall refuse to issue a license” for “[h]aving been convicted of a felony.”
These two statutes are now consistent, and were a convicted felon to apply for an insurance producer license today, the commissioner would be required to deny it. Indeed, plaintiff concedes as much. But no language in these statutes rebuts the general rule of construction that changes to a statute should only apply prospectively. Even if we were to engage in a speculation that the amendment was intended to clarify the Legislature’s prior intent, amendments may not be applied retrospectively if doing so would impair a vested right. Brewer v AD Transp Express, Inc, 486 Mich 50, 56-57; 782 NW2d 475 (2010). The fact that an applicant like plaintiff would necessarily be denied a license today does not automatically invalidate defendant’s decision to exercise its discretion to grant him a license in 2004.
Although the current statutes require denial of a license, they do not require an existing license to be revoked. The first clause of MCL 500.1239(1) states in *216 full: “In addition to any other powers under this act, the commissioner may place on probation, suspend, or revoke an insurance producer’s license or may levy a civil fine under [MCL 500.1244] or any combination of actions, and the commissioner shall refuse to issue a license under [MCL 500.1205 or 500.1206a], for any 1 or more of the following causes[.]” Denial is mandatory if any of a number of enumerated conditions is satisfied; however, revocation is still as discretionary as it was in 2004.
Therefore, we answer the second question, whether defendant is currently required by statute to revoke plaintiffs license, in the negative.
rv REVOCATION
We observe initially that the plain language of the present Insurance Code gives the commissioner the discretion to pursue revocation of plaintiffs resident insurance producer license for a variety of possible reasons, including plaintiffs having been convicted of a felony. However, we emphasize that doing so must be a “reasonable exercise of discretion.” MCL 500.205. Here, the gravamen of defendants’ argument is that the commissioner is required to revoke plaintiffs license. This erroneous abdication of discretion is, in itself, an abuse of discretion. People v Stafford, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). Therefore, in this case, the commissioner cannot be said to be engaging in a “reasonable exercise of discretion.”
With regard to this issue, we hold only that the commissioner may not revoke a license on the basis of the erroneous belief that he must do so when, in fact, he has discretion. Because this result is mandated by the plain terms of the Insurance Code, we make no pronouncement about whether equity applies here or what *217 effect it might have. On that limited basis, we therefore answer the third question, whether the commissioner is now permitted to revoke plaintiffs license, in the negative.
V CONCLUSION
Plaintiffs license was properly granted by the commissioner in 2004. The Insurance Code does not require plaintiffs license to be revoked now. The commissioner could have exercised reasonable discretion and decided to pursue revocation of plaintiffs license; however, in this case, the commissioner necessarily abused that discretion by proceeding on the basis of an erroneous belief that he was required to revoke plaintiffs license.
For the reasons stated, we affirm the courts below.
Hathaway, J., concurred with Davis, J.

 A “resident insurance producer” is more commonly known as an insurance agent.

 This position was held by Linda Watters from April 2003 until October 2007, when Ken Ross was appointed.

 OFIS is now the Office of Financial and Insurance Regulation, but at most of the relevant times, including in the Court of Appeals, it was referred to as OFIS.

 This section provides, among other things, that a person
who has been convicted of any criminal felony involving dishonesty or a breach of trust. .. may engage in the business of insurance or participate in such business if such person has the written consent of any insurance regulatory official authorized to regulate the insurer, which consent specifically refers to this subsection. [18 USC 1033(e).]

 Mazur v Office of Fin & Ins Servs, issued May 14, 2004 (Docket No. 2003-1515).